[No. 50541-6-I. Division One. March 31, 2003.]

THE STATE OF WASHINGTON, *Appellant*, v. A.S.,[†] *Respondent*.

[†] Appellant herein is a juvenile and will be referred to by his initials, "A.S."

*Norm Maleng, Prosecuting Attorney,* and *Terri Luken, Deputy,* for appellant.

*Dana M. Nelson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for respondent.

PER CURIAM. — Generally, a juvenile court does not have the statutory authority to impose a suspended disposition. The legislature has not included A.S.'s offense—fourth degree assault with a sexual motivation—on the short list of exceptions to the general prohibition against suspended dispositions. We are thus constrained to reverse the special sex offender disposition alternative (SSODA) imposed in this case and remand for a new disposition hearing.

## FACTS

The State charged 15-year-old A.S. with first degree child molestation after an incident in which he fondled a 9-year-old female friend. As part of an agreement with the State, A.S. entered an *Alford*[1] plea of guilty to two counts of fourth

---

[1] *North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

degree assault with a sexual motivation.[2] A disposition hearing was held at which the State requested a 52-week manifest injustice disposition based in part upon the "sexual motivation" aggravating factor.[3] A.S. requested a SSODA[4] consisting of 52 weeks of confinement, suspended upon the condition that he participate in community-based sexual deviancy treatment. In support of his request, A.S. cited the report of a sexual deviancy evaluator, who recommended that he receive two years of treatment. The evaluator indicated that A.S. was a candidate for outpatient treatment, but cautioned that he "would only consider putting [A.S.] on probation and in outpatient treatment for 2 years if there is a way to *legally* suspend at least one year of JRA [Juvenile Rehabilitation Administration] commitment time." A.S. also cited the wishes of the victim's family that he receive treatment in the community rather than lengthy confinement. The juvenile probation counselor agreed with A.S.'s request, but only if the court had lawful authority to suspend at least a year of confinement time.

The juvenile court ruled that a 52-week manifest injustice disposition was appropriate, based on at least two aggravating factors. Over the State's objection, however, the court suspended A.S.'s confinement time as part of a SSODA, stating "the Court feels under the circumstances that this really is in [A.S.'s] best interest, and in the best interest of the community at large to impose this type of sentence." The State now appeals, contending the juvenile court lacked authority to impose a SSODA.

## ANALYSIS

We begin by stating the well-established rule that sentencing courts do not have inherent authority to sus-

---

[2] RCW 9A.36.041; RCW 13.40.135.

[3] *See* RCW 13.40.150(3)(i)(v).

[4] RCW 13.40.160(3).

pend sentences.[5] "The Legislature must grant the power to suspend a sentence or defer its imposition or execution."[6] "The terms of the statutes granting courts these powers are mandatory; when a court fails to follow the statutory provisions, its actions are void."[7] The construction of a statute is a question of law that this court reviews de novo.[8]

 In the juvenile context, the legislature has granted limited authority to suspend dispositions:

> Except as provided under subsection (3) or (4) of this section or RCW 13.40.127, the court shall not suspend or defer the imposition or the execution of the disposition.[9]

We do not attempt to interpret a statute that is unambiguous, as we assume the legislature means exactly what it says.[10] Moreover, the legislature's use of the word "shall" in a statute is presumptively mandatory.[11] Here RCW 13.40.160(7) leaves little to the discretion of the juvenile court. By stating that a court "shall not" suspend a disposition unless an exception applies, the statute unambiguously forbids the court from doing so in all other cases.[12]

 In this case, the court invoked the SSODA statute, RCW 13.40.160(3), to suspend A.S.'s disposition. RCW 13-.40.160(3) permits the juvenile court to suspend a disposition upon the condition that the juvenile participate in community-based sex offender treatment. But the list of offenses to which the statute applies is limited: only "[s]ex

[5] *State v. Clark*, 91 Wn. App. 581, 585, 958 P.2d 1028 (1998).

[6] *Clark*, 91 Wn. App. at 585; *see also State v. Bird*, 95 Wn.2d 83, 85, 622 P.2d 1262 (1980).

[7] *Clark*, 91 Wn. App. at 585.

[8] *State v. Martin*, 137 Wn.2d 774, 788, 975 P.2d 1020 (1999).

[9] RCW 13.40.160(7).

[10] *Food Servs. of Am. v. Royal Heights, Inc.*, 123 Wn.2d 779, 784-85, 871 P.2d 590 (1994); *State v. McCraw*, 127 Wn.2d 281, 288, 898 P.2d 838 (1995).

[11] *State v. Mollichi*, 132 Wn.2d 80, 86-88, 936 P.2d 408 (1997).

[12] *See Clark*, 91 Wn. App. at 585-86 (juvenile courts lack authority to suspend disposition under former RCW 13.40.160(8) (1997), which was later recodified as the current RCW 13.40.160(7)).

offense[s]" as defined by RCW 9.94A.030(38) are eligible for a SSODA.[13] RCW 9.94A.030(38) limits its definition of sex offenses to felonies.[14] Fourth degree assault is a gross misdemeanor, even when committed with sexual motivation as defined in RCW 13.40.135.[15] Thus, even though A.S. acted with sexual motivation and was found to be amenable to community-based treatment, his misdemeanor offense made him ineligible for a SSODA.[16]

 A.S. does not contend that the SSODA statute applied to him. Instead, he relies on *State v. Bird*[17] to argue that a suspended disposition for his misdemeanor offense was lawful under RCW 9.92.060(1). That statute provides:

> Whenever any person is convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, rape of a child, or rape, the superior court may, in its

---

[13] RCW 13.40.160(3) provides that "[w]hen a juvenile offender is found to have committed a sex offense, other than a sex offense that is also a serious violent offense as defined by RCW 9.94A.030" the juvenile court may pursue and impose a SSODA suspended sentence. *See also* RCW 13.40.020(25) (" 'Sex offense' means an offense defined as a sex offense in RCW 9.94A.030.").

[14] RCW 9.94A.030(38) defines "sex offense" as:

(a)(i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(11);

(ii) A violation of RCW 9A.64.020;

(iii) A felony that is a violation of chapter 9.68A RCW other than RCW 9.68A.070 or 9.68A.080; or

(iv) A felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

(b) Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection;

(c) A felony with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135; or

(d) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

[15] RCW 9A.36.041(2).

[16] *Cf., State v. S.M.H.*, 76 Wn. App. 550, 558-59, 887 P.2d 903 (1995) (burglary with a sexual motivation not a "sex offense" for purposes of sex offender registration statute where juvenile felonies not included in RCW 9.94A.030's definition of "sex offense" in effect in 1994).

[17] *State v. Bird*, 95 Wn.2d 83, 622 P.2d 1262 (1980).

discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by the superior court, and that the sentenced person be placed under the charge of a community corrections officer employed by the department of corrections, or if the county elects to assume responsibility for the supervision of all superior court misdemeanant probationers a probation officer employed or contracted for by the county, upon such terms as the superior court may determine.[18]

In *Bird*, our Supreme Court held that RCW 9.92.060(1) applied to juvenile dispositions. In analyzing that statute's reach, the court first noted that "[a] strict interpretation of the criminal statutes would accordingly require that the legislature make explicit any exceptions from the suspended sentencing statute, RCW 9.92.060."[19] The court then rejected the State's argument that the Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW, in effect in 1979 implicitly prohibited suspended dispositions by failing to mention them, stating, "it is . . . clear that the legislature did not *exclude* the possibility of suspended or deferred sentences."[20] The court then concluded that, "[i]n the absence of language to the contrary" in the JJA, suspended juvenile dispositions were authorized by RCW 9.92.060(1).[21]

But as *Bird* made clear, "[t]he legislature is undoubtedly empowered to limit the authority of the courts to suspend a sentence or to defer imposition or execution of the sentence."[22] And now, *Bird*'s key premise—the absence of a statutory prohibition against suspended juvenile dispositions—no longer exists. In 1981, the legislature added RCW 13.40.160(6) which provides: "[t]he court shall not suspend

---

[18] In 1984, the legislature removed the authority to suspend sentences for adult felonies. *See* former RCW 9.94A.130 (2000), *recodified as* RCW 9.94A.575 (LAWS OF 2001, ch. 10, § 6).

[19] *Bird*, 95 Wn.2d at 87.

[20] *Bird*, 95 Wn.2d at 88.

[21] *Bird*, 95 Wn.2d at 89.

[22] *Bird*, 95 Wn.2d at 86.

or defer the imposition or the execution of the disposition."[23] The statute was later modified and recodified to its current form in RCW 13.40.160(7), with the limited exceptions discussed above.[24] In taking this action, the legislature effectively overruled *Bird* by unambiguously removing, and later limiting, the discretion to suspend juvenile dispositions.[25] RCW 9.92.060 thus did not apply to this case.

We recognize the potential beneficial effect of a suspended sanction in motivating compliance in treatment. We also recognize that the legislature has drawn what appears to be an arbitrary distinction by allowing community-based treatment under a SSODA for juveniles who commit felonies with sexual motivation, but not for those who commit less serious misdemeanors. But the juvenile statute clearly reflects a legislative intent to forbid suspended dispositions except in limited circumstances not present here.[26] We thus reverse the SSODA imposed in this case. Because the juvenile court might have ordered a different period of confinement without the option of suspending all or part of it, we remand for a new disposition hearing.

Reversed and remanded for a new disposition hearing.

---

[23] Former RCW 13.40.160(6) (LAWS OF 1981, ch. 299, § 13).

[24] RCW 13.40.160(7), *amended by* LAWS OF 1997, ch. 338, § 25.

[25] *See State v. Fenter*, 89 Wn.2d 57, 62, 569 P.2d 67 (1977) (the legislature is presumed to know of the Supreme Court's decisions and to consider them in later legislation).

[26] A.S. has not argued below or on appeal that another exception to RCW 13.40.160(7) applies.