# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

              Appellant,

        v.

EVAN BACON,
D.O.B. 3/3/2000,

              Respondent.

No. 74233-7-I

DIVISION ONE

PUBLISHED OPINION

FILED: February 13, 2017

TRICKEY, A.C.J. — Evan Bacon, a juvenile, pleaded guilty to robbery in the second degree. The juvenile court declared that the standard range disposition would effectuate a manifest injustice. The court imposed a 65 week disposition, and suspended it while placing him on community supervision. The State appeals, arguing that declaring a manifest injustice does not give the juvenile court the authority to suspend a disposition. Because the legislature has authorized juvenile courts to suspend dispositions only in limited circumstances not applicable here, we reverse.

## FACTS

In September 2015, Bacon took a woman's purse against her will and used force when they struggled over it. The woman fell and scraped her knees but did not suffer serious bodily injury. Bacon pleaded guilty to robbery in the second degree. Because of Bacon's criminal history, the standard range disposition was 52 to 65 weeks of confinement.

At the disposition hearing, Bacon asked for a declaration of manifest injustice, because he was doing better, back in school, and living at home. The State and the probation officer recommended the standard range disposition. They argued that Bacon

had done well in detention but had not done well when on supervision or parole.

The court noted that Bacon had begun to make important changes in his life, but was still a "threat to the community."[1] Citing a preference to "keep youth in the community" when possible, the court granted a manifest injustice.[2] The court imposed a disposition of "65 to 65 weeks" of confinement, and suspended it, placing him instead on community supervision subject to a number of conditions.[3]

The State appealed the disposition, arguing that the record did not support a declaration of manifest injustice and, even assuming the manifest injustice was proper, declaring a manifest injustice did not give the court the authority to suspend the disposition when Bacon was otherwise ineligible for a suspended disposition.

While the State's appeal was pending before this court, the juvenile court revoked Bacon's suspended disposition because of his behavior while under community supervision. A commissioner of this court determined that the issue of whether the trial court had the authority to suspend a disposition here was moot. But the commissioner nonetheless ruled that we should address the issue because it is a matter of continuing and substantial public interest that is likely to recur in future cases.

Accordingly, the parties filed revised briefs on the sole issue of whether the trial court erred by suspending Bacon's manifest injustice disposition.

ANALYSIS

Authority to Suspend Dispositions

The State argues that the juvenile court erred when it suspended Bacon's

---

[1] Report of Proceedings (RP) (Oct. 14, 2015) at 45.
[2] RP (Oct. 14, 2015) at 46.
[3] Clerk's Papers at 22.

disposition because it lacked the authority to do so under the Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW. Bacon responds that, once the court has declared a manifest injustice, it may suspend a juvenile offender's sentence even if it could not usually do so under the JJA. We agree with the State.

Courts, including juvenile courts, "do not have inherent authority to suspend sentences." State v. A.S., 116 Wn. App. 309, 311-12, 65 P.3d 676 (2003). If the legislature has enacted a statute that grants a court the power to suspend a disposition, the court must follow the statute's terms. State v. Clark, 91 Wn. App. 581, 585, 958 P.2d 1028 (1998). Otherwise, the court's actions are void. Clark, 91 Wn. App. at 585.

When a statute is unambiguous, this court assumes the legislature "means exactly what it says." A.S., 116 Wn. App. at 312. This court reviews the construction of a statute de novo. A.S., 116 Wn. App. at 312.

In the JJA, the legislature granted juvenile courts the authority to suspend dispositions under certain circumstances. For example, "[i]f the offender is subject to a standard range disposition . . ., the court may impose the standard range and suspend the disposition on condition that the offender comply with one or more local sanctions and any educational or treatment requirement." RCW 13.40.0357 (option B(1)).[4]

But the legislature has limited the court's authority to suspend dispositions. The court may do so only for certain offenses described in option B and in other circumstances not relevant to this appeal, as described in other sections of the JJA: "Except as provided under subsection (3), (4), (5), or (6) of this section, or option B of RCW 13.40.0357, or

---

[4] Option B does not allow the court to suspend a 14-year-old juvenile offender's sentence for robbery in the second degree if the victim suffered bodily injury. RCW 13.40.0357 (option B(3)(b)(iii)). Neither party argues that Bacon qualifies for a suspended disposition under option B.

RCW 13.40.127, the court *shall not* suspend or defer the imposition or the execution of the disposition." RCW 13.40.160(10) (emphasis added).

In State v. A.S., a published per curiam decision from Division One of the Court of Appeals, the court examined the juvenile court's authority to suspend sentences. 116 Wn. App. 309, 310, 65 P.3d 676 (2003). A.S. pleaded guilty to a misdemeanor sex offense. A.S., 116 Wn. App. at 310-11, 313. Under the JJA, the juvenile court can suspend a juvenile's sentence and impose a special sex offender disposition alternative (SSODA) when a juvenile commits a felony sex offense. A.S., 116 Wn. App. at 312-13. The court lacks that authority when the sex offense is a misdemeanor. A.S., 116 Wn. App. at 313. The juvenile court imposed a 52 week manifest injustice disposition, based in part on the aggravating factor of A.S.'s sexual motivation to commit the crime. A.S., 116 Wn. App. at 311. Then the court suspended A.S.'s confinement and imposed a SSODA. A.S., 116 Wn. App. at 311.

The Court of Appeals held that the JJA "unambiguously forbids the court" to suspend a disposition unless a statutory exception applies. A.S., 116 Wn. App. at 312. It ruled that the juvenile court lacked the authority to suspend A.S.'s disposition because the sex offense was a misdemeanor, and reversed the SSODA. A.S., 116 Wn. App. at 315.

In State v. Crabtree, published a few weeks after A.S., Division Three of the Court of Appeals took a different approach. 116 Wn. App. 536, 545, 66 P.3d 695 (2003). There, the juvenile court declared a manifest injustice and imposed a disposition much shorter than the standard range. Crabtree, 116 Wn. App. at 540-41. The court then suspended the disposition and imposed a chemical dependency disposition alternative (CDDA).

Crabtree, 116 Wn. App. at 541. The State objected, arguing that the court could not impose a CDDA because the juvenile offender did not qualify for one under the statute. Crabtree, 116 Wn. App. at 545. The appellate court agreed that Crabtree did not qualify for a CDDA but upheld the disposition, holding that "[o]nce a manifest injustice is declared, and the court elects to depart from the standard range, the sentencing scheme of the [JJA] no longer applies." Crabtree, 116 Wn. App. at 545.

In both Crabtree and A.S., the juvenile court declared a manifest injustice, suspended the disposition, and imposed an alternative disposition that the juvenile offender did not qualify for under the statute. But the reviewing courts reached opposite conclusions: Crabtree's suspended disposition was affirmed, while A.S.'s was reversed.

We adhere to our decision in A.S. and reject Crabtree's broad holding for two reasons. First, in Crabtree, the court did not fully examine the statutory limits of the juvenile court's power to suspend dispositions. See 116 Wn. App. at 545-46.

Second, we disagree with Crabtree's holding that the JJA's entire "sentencing scheme" does not apply after the court has declared a manifest injustice. 116 Wn. App. at 545. If the court finds that a standard range disposition will "effectuate a manifest injustice the court shall *impose* a disposition outside the standard range." RCW 13.40.0357 (option D) (emphasis added). The juvenile court has "broad discretion in determining the appropriate sentence to impose." State v. M.L., 134 Wn.2d 657, 660, 952 P.2d 187 (1998).

All of the cases cited in Crabtree address the juvenile court's discretion to determine the length of the disposition it imposes. State v. Duncan, 90 Wn. App. 808, 815, 960 P.2d 941 (1998) (holding the court has "broad discretion to determine the length

5

of a manifest injustice disposition"); State v. B.E.W., 65 Wn. App. 370, 375, 828 P.2d 87 (1992); State v. Tauala, 54 Wn. App. 81, 86-88, 771 P.2d 1188 (1989); State v. P., 37 Wn. App. 773, 780, 686 P.2d 488 (1984) (holding that length of disposition was excessive and remanding "for further proceedings to determine the appropriate length of the sentence"); State v. Strong, 23 Wn. App. 789, 791, 794, 599 P.2d 20 (1979).

Imposing a disposition and suspending that disposition are not the same act. When the court chooses to suspend a disposition, it still imposes a disposition of a certain length. RCW 13.40.0357 (option B(1)). We conclude that declaring a manifest injustice gives the juvenile court discretion over what length of disposition to *impose*, but not whether to *suspend* that disposition.[5]

Here, the juvenile court declared that a standard range disposition would effect a manifest injustice, imposed a disposition of 65 to 65 weeks of confinement, and suspended the disposition. The court made no findings that Bacon's circumstances fit within any of the exceptions to the JJA's prohibition of suspending dispositions. RCW 13.40.160(10). Manifest injustice dispositions, described in RCW 13.40.160(2) and RCW 13.40.0357 (option D), are not on the list of exceptions.

Bacon has shown that the court had discretion over what length of sentence to impose, but he has not shown that the court had the discretion to suspend an imposed disposition. While the juvenile court's desire to keep Bacon connected to his school and community were important considerations, the court lacked the authority under the legislative requirements of the JJA to suspend his manifest injustice disposition.

---

[5] Nothing in this opinion should be construed to limit the juvenile court's discretion to impose local sanctions when it has declared a manifest injustice. See RCW 13.40.160(2); RCW 13.40.020(18).

6

We reverse and remand for a new dispositional hearing.

Trickey, ACJ

WE CONCUR:

Mann, J.

Leach, J.