IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                   Respondent,<br><br>          v.<br><br>MICHAEL B. DEVINE,<br><br>                   Appellant. | No. 81098-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — This case involves questions of law with regard to an individual's legal financial obligations (LFOs). Michael Devine pleaded guilty to first degree possession of depictions of a minor engaged in sexually explicit conduct. At sentencing, the trial court imposed, among others fees, a $1,000 fee for possession of a sexually explicit photograph or video pursuant to RCW 9.68A.107. On appeal, Devine contends that the trial court erred in imposing the fee because he is indigent. He further asserts that his judgment and sentence must be amended to ensure that the government cannot collect Devine's LFOs from his protected funds, including disability payments.

Because the $1,000 fee is nondiscretionary, the court did not err in imposing it. However, because the court failed to add language limiting the State's ability to collect Devine's LFOs from his Social Security benefits, we remand to the trial court to correct the error.

FACTS

In April 2019, the State charged Devine with two counts of possession of

Citations and pin cites are based on the Westlaw online version of the cited material.

depictions of a minor engaged in sexually explicit conduct in the first degree. Devine pleaded guilty to one count of possession of depictions of a minor engaged in sexually explicit conduct in the first degree, and the State agreed to dismiss the second charge. In Devine's statement of defendant on plea of guilty, the State agreed to recommend that Devine serve "13 months in custody, pay $500 victim penalty, $100 DNA [(deoxyribonucleic acid)] fee, $1,000 mandatory fine, and restitution," plus other conditions specific to sex offenders. Under the plea agreement, Devine could ask for a lesser sentence and for the court to waive the $1,000 fine. The parties agreed that Devine was indigent but disagreed as to whether the $1,000 fine was discretionary.

At sentencing, the court did not order restitution, and it waived court costs and recoupment. However, it imposed the $100 DNA collection fee, the mandatory $500 victim penalty assessment, and the $1,000 fine "pursuant to RCW 9.68A.107." Orally, the court stated that Devine would not be required to use his Social Security payments to satisfy the LFOs. The order did not provide a limiting clause regarding the State's ability to collect LFO payments from Devine's Social Security earnings. Devine appeals.

ANALYSIS

RCW 9.68A.107

Devine contends that the trial court erred in imposing the $1,000 fine under RCW 9.68A.107. Because the fine is nondiscretionary, we disagree.

We interpret a statute de novo. State v. Gonce, 200 Wn. App. 847, 855, 403 P.3d 918 (2017). And our primary objective is to give effect to the

legislature's intent. Gonce, 200 Wn. App. at 855. "We do not attempt to interpret a statute that is unambiguous, as we assume the Legislature means exactly what it says." State v. A.S., 116 Wn. App. 309, 312, 65 P.3d 676 (2003). And "the Legislature's use of the word 'shall' in a statute is presumptively mandatory." A.S., 116 Wn. App. at 312.

Under RCW 9.68A.107(1), "a person who is convicted of violating RCW 9.68A.070 shall be assessed a fee of one thousand dollars for each depiction or image of visual or printed matter that constitutes a separate conviction."

RCW 9.68A.107(1) is unambiguous and leaves no discretion to the trial court. By stating that the court "shall" assess a $1,000 fee on a person convicted of violating RCW 9.68A.070, the statute unambiguously requires that the court impose the fee in this situation. See A.S., 116 Wn. App. at 314-15 (holding that the statute stating that "'the court shall not suspend . . . the . . . disposition'" unless an exception applies, "unambiguously forbids the court from doing so in all" cases where an exception does not apply) (quoting RCW 13.40.160(7)). Like the legislative statements in RCW 7.68.035,[1] the legislative findings of Laws of 2015, ch. 279, § 1 make clear that a defendant convicted of possession of sexually explicit material of minors must pay the cost of investigation and prosecution of these crimes. Specifically, the enacting legislation states:

> The legislature finds that due to a lack of dedicated
> resources, only two percent of known child exploitation offenders

---

[1] See, e.g., LAWS OF 2018, ch. 269, §§ 8(5) ("The crime victim penalty assessment under RCW 7.68.035 may not be reduced, revoked, or converted to community restitution hours.").

> are being investigated. The legislature finds that additional funding sources are needed to ensure that law enforcement agencies can adequately investigate and prosecute offenders and victims can receive necessary services, including mental health treatment. Finally, the legislature finds that *offenders convicted of crimes relating to child pornography should bear the high cost of investigations and prosecutions of these crimes and also the cost of providing services to victims.*

LAWS OF 2015, ch. 279 § 1 (emphasis added). Accordingly, both the unambiguous language of RCW 9.68A.107(1) and the legislative findings require the imposition of the $1,000 fine on every defendant convicted under RCW 9.68A.070. Therefore, the trial court did not err when it required Devine to pay the fine.

Devine disagrees and relies on RCW 10.01.160(3) and State v. Blazina[2] to support his assertion that the court cannot impose the fee on him, an indigent defendant. RCW 10.01.160(3) states that a court "shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent." And Blazina acknowledged the limitations of this statute, highlighting that RCW 10.01.160(3) requires that the sentencing court consider a defendant's "ability to pay the *discretionary* fees." 182 Wn.2d at 831, 837-38 (emphasis added); State v. Ramirez, 191 Wn.2d 732, 744, 426 P.3d 714 (2018) (discussing Blazina's instructions "for determining whether someone has an ability to pay discretionary costs"). As discussed above, the $1,000 fine is nondiscretionary. Therefore, Devine's assertion fails.

Devine also contends that a sentencing court "must look at the context of the statute and the words and provisions of related statutes." To this end, he

---

[2] 182 Wn.2d 827, 344 P.3d 680 (2015).

contends that we should look to RCW 9.94A.753 and RCW 43.43.7541 as examples of when a court cannot waive a fee. In both statutes, the legislature explicitly stated that the at-issue fee was nonwaivable. RCW 9.94A.753(4) ("The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount."); RCW 43.43.7541 ("Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction."). However, we presume that the legislature's use of "shall" is mandatory, whether or not the legislature provides an additional statement of nonwaivability. Therefore, Devine's contention is unpersuasive.

Finally, Devine contends "[u]npaid and unpayable legal financial obligations can impose significant burdens on people with legal financial obligations," in particular, for defendants with disabilities. We appreciate the struggles that will follow Devine's inability to pay his court fines. However, the legislature was clear, and Devine's crimes were not victimless.[3] Thus, we are without authority to eliminate this mandatory LFO.

---

[3] See, e.g., LAWS OF 2015, ch. 279 § 1 ("The legislature finds that sexual abuse and exploitation of children robs victims of their childhood and irrevocably interferes with their emotional and psychological development. Victims of child pornography often experience severe and lasting harm from the permanent memorialization of the crimes committed against them. Child victims endure depression, withdrawal, anger, and other psychological disorders. Victims also experience feelings of guilt and responsibility for the sexual abuse as well as feelings of betrayal, powerlessness, worthlessness, and low self-esteem. Each and every time such an image is viewed, traded, printed, or downloaded, the child in that image is victimized again.").

<u>Social Security Benefits</u>

Devine asserts that the trial court erred when it failed to limit the State's ability to collect LFOs from his Social Security disability benefits, his only source of income. The State concedes that the court erred in not specifying the exemption in Devine's judgment and sentence. The Social Security antiattachment statute, 42 U.S.C. § 407(a), states that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process." That is, "no Social Security disability benefits are available to satisfy a debt," including Devine's mandatory LFOs. See State v. Catling, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019) (concluding that the defendant was required to pay the $500 victim fund assessment but that the debt could not be satisfied from their Social Security disability benefits). For this reason, we agree that the trial court erred.

Therefore, we affirm the imposition of the $1,000 fine but remand to the trial court to amend the judgment and sentence to specify that the mandatory LFOs may not be satisfied out of any funds subject to the antiattachment statute.

_____

WE CONCUR:

_____        _____
Mann, C.J.                     Verellen, J.

6