[No. 12940-0-II.   Division Two.   June 27, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. DARRELL
WAYNE RICHARD, *Appellant.*

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* for respondent.

MUNSON, J.*—Darrell Richard appeals an order imposing 15 days in detention for violation of community supervision. He contends the court erred in (1) determining a 9 p.m. curfew was a court imposed condition of his probation, and (2) admitting hearsay testimony to support the alleged violation. We reverse.

On August 27, 1987, Mr. Richard, then 15, shot and killed a 16–year–old girl while the two were sitting in a parked car at a 7–Eleven store in Tacoma. He was charged by information in juvenile court with second degree murder. He was convicted of first degree manslaughter.

On December 10, 1987, the court entered a disposition order committing Mr. Richard to 52 weeks' detention. The disposition order also imposed "12 months supervision by the Probation Officer of the Court, after release from confinement." Although the dispositional order form contained a box entitled "curfew", it was not checked by the court as was the supervision condition.

After serving his year's detention, Mr. Richard met with Probation Officer Richard Jensen. The two completed a community supervision case plan which required Mr. Richard to obey all laws and to observe a 9 p.m. curfew. No court order was entered modifying the dispositional order to reflect this condition.

*This appeal was heard by a panel of Division Three judges sitting in Division Two.

On September 15, 1988, Mr. Jensen received a call from a probation officer in Alameda County, California. The latter indicated Mr. Richard had been arrested in California for driving under the influence of alcohol following an automobile accident.[1] Thereafter, Mr. Jensen received documentation regarding the arrest, including a police report indicating the accident occurred at 11 p.m. Based on the apparent breach of the curfew condition, the State moved for an order finding Mr. Richard in violation of the terms of his community supervision.[2] At the hearing, the State offered the police report[3] as evidence of the curfew violation. The evidence was admitted over Mr. Richard's objection to it as hearsay. He was found to have violated the court's dispositional order and was ordered to serve 15 days' detention.

First, Mr. Richard contends the court erred in determining his curfew violation constituted a violation of the court's order on community supervision. RCW 13.40.200 provides in relevant part:

> (1) When a respondent fails to comply with an order of . . . community supervision, . . . the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.
>
> . . . .
>
> (3) (a) If the court finds that a respondent has wilfully *violated the terms of an order* pursuant to subsections (1) . . ., it may impose a penalty of up to thirty days' confinement.

(Italics ours.)

Mr. Richard contends that since the court's dispositional order did not specifically require a "curfew" as a

---

[1] The record reflects Mr. Richard was on vacation with his mother in California at the time, and his parole officer was aware of this fact.

[2] The sole basis for the alleged community supervision violation was the breach of a curfew; Mr. Richard's alleged California DWI was not raised as a violation of probation. However, there was an outstanding warrant on that charge for failure to appear.

[3] A copy of the police report was not included in the record on appeal. Mr. Richard acknowledges the report did set the time of his automobile accident at approximately 11 p.m.

condition of the community supervision and the probation officer could not make a curfew a condition, he could not be subject to penalty under RCW 13.40.200(3) for violation of that condition. We agree.

Former RCW 13.40.020(3) provides:

> "Community supervision" means an order of disposition *by the court* of an adjudicated youth. A community supervision order for a single offense may be for a period of up to one year . . ..

(Italics ours.)

The court ordered Mr. Richard to serve 12 months of community supervision after he completed his 52 weeks of confinement. The curfew condition established by the parole officer was not an express requirement of the court's dispositional order. The State asserts the details of that community supervision were delegated to the probation officer. However, there exists no court order reflecting this delegation. For example, subsequent to this violation, the court entered a modified dispositional order on October 27, 1988, with the curfew box checked and the interlineation: "As set by [parole officer]." This is the proper method of court delegation. However, it was not delineated in the dispositional order in question.

One of the primary purposes of the juvenile justice act is to provide necessary supervision of the juvenile offender. RCW 13.40.010(2)(f). The work of probation officers effectuates this purpose through their monitoring efforts; however, it is the court and not the probation officer that imposes the conditions of community supervision, the violation of which potentially subjects the juvenile to detention. While the probation officer may recommend a condition such as a curfew be set, the court per statute remains the ultimate authority to impose such a condition, as was done in the subsequent order. Its failure to do so here necessitates reversal.

As the first issue is dispositive of the appeal, we need not address Mr. Richard's remaining contention.

The order is reversed.

THOMPSON and SHIELDS, JJ., concur.