[Nos. 21750-3-II; 21751-1-II.   Division Two.   July 10, 1998.]

THE STATE OF WASHINGTON, *Appellant*, v. ISAIAH CLARK, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. DENNIS DWAYNE DENTON, *Respondent*.

---

*John W. Ladenburg, Prosecuting Attorney,* and *Mark Von Wahlde, Deputy,* for appellant.

*Lise Ellner* of *Department of Assigned Counsel,* for respondents (appointed counsel for appeal).

SEINFELD, J. — In this consolidated case, the State appeals two juvenile court dispositions. In each case, the court authorized a probation officer to determine if the juvenile violated probation and, if so, to place the juvenile in detention. We hold that this was an improper delegation of discretion to the probation officer.

## FACTS

Isaiah Clark pleaded guilty in juvenile court to one count of possession of stolen property in the first degree and one count of negligent driving.[1] In addition to recommending nine months of community supervision and some community service, the probation officer asked the court to order Clark to serve eight days in detention, credit him for three days served, and authorize the probation officer to require Clark to serve the remaining five days at her discretion.

The State concurred with these recommendations except for the discretionary detention time, arguing that the statute did not authorize it. The juvenile court disagreed and

---

[1]Clark was 15 years old when he entered a guilty plea on January 27, 1997.

adopted the probation officer's recommendations. Thus, its disposition order provided for eight days' detention with credit for three days served and "5 days suspended at P.O.'s discretion."

On the same day, Dennis Denton pleaded guilty to one count of burglary in the second degree and one count of theft in the third degree.[2] Along with other recommendations, the probation officer recommended that Denton serve five days of detention, with credit for three days served and the remaining two days at her discretion. Again, the State objected to the recommended discretionary detention time, arguing that the court lacked statutory authority to suspend detention time or to delegate its sentencing authority to the probation officer. The juvenile court accepted the probation officer's recommendations, including five days' detention with credit for three days served and "2 days suspended at Probation Officer's discretion."

The State appeals each disposition order on the ground that the court erroneously authorized a suspension of detention time at the probation officer's discretion.

## DISCUSSION
### I. Mootness

■ We first address the issue of mootness. Because the disposition orders have expired, this court lacks the ability to provide an effective remedy. *Lee v. Hamilton*, 56 Wn. App. 880, 882, 785 P.2d 1156 (1990).

■ Ordinarily a reviewing court will not decide a moot case but it may do so if the case involves matters of continuing and substantial public interest. *Dioxin/Organochlorine Ctr. v. Pollution Control Hearings Bd.*, 131 Wn.2d 345, 351, 932 P.2d 158 (1997). The appellate court also will review issues of public interest that are capable of repetition yet easily evade review. *In re Dependency of H.*, 71 Wn. App. 524, 527, 859 P.2d 1258 (1993).

The State argues that the issue here is one of public

---

[2]Denton was 15 years old when he entered his plea.

interest that is likely to recur but evade review. In each case, the probation officer's discretion lasted only for the duration of the ordered community supervision. RCW 13.40.0357 authorizes community supervision for periods up to 12 months, and a final mandate from the Court of Appeals within that 12-month period is unlikely.

■ The juveniles maintain, however, that the issues raised are not ripe for review because the probation officers did not revoke the suspensions or require them to serve all the detention time authorized. *See State v. Curry*, 118 Wn.2d 911, 917, 829 P.2d 166 (1992) (argument that imprisonment for unpaid fine is unconstitutional is premature because no defendant claimed to be incarcerated for failure to pay). But here, unlike *Curry*, the State is appealing an order that the court has entered and each respondent received suspended detention time. Thus, the issues regarding the propriety of the court's order are not premature. *See First Covenant Church v. City of Seattle*, 114 Wn.2d 392, 400, 787 P.2d 1352 (1990) (a claim is fit for judicial decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final), *vacated on other grounds*, 499 U.S. 901, 111 S. Ct. 1097, 113 L. Ed. 2d 208 (1991). Here, the issues posed are legal and require no further facts, and the orders under challenge are final.

We find the issues raised reviewable, and turn to their merits.

## II. Suspension of Sentence

. ■■ A trial court lacks inherent authority to suspend a sentence. *State v. Hall*, 35 Wn. App. 302, 305, 666 P.2d 930 (1983). The Legislature must grant the power to suspend a sentence or defer its imposition or execution. *State v. Bird*, 95 Wn.2d 83, 85, 622 P.2d 1262 (1980). The terms of the statutes granting courts these powers are mandatory; when a court fails to follow the statutory provisions, its actions are void. *Hall*, 35 Wn. App. at 305.

■ The juvenile justice statutes carefully and compre-

hensively spell out the sentencing options. *Bird*, 95 Wn.2d at 93 (Dolliver, J., dissenting). RCW 13.40.160, which sets forth the proper parameters of disposition orders, addresses the suspension of disposition time as follows: "Except as provided for in subsection (4)(b) or (5) of this section or RCW 13.40.125, the court shall not suspend or defer the imposition or the execution of the disposition." RCW 13.40.160(8).[3] Neither the State nor the juveniles argue that any of the statutory exceptions apply.[4] Thus, it is evident that the court acted without statutory authority in suspending the juveniles' remaining detention time.

### III. Delegation of Authority

The State argues further that even if the statute authorized suspended detention time, the court erred in delegating to a probation officer the authority to revoke that suspension and place the juveniles in detention.

Probation officers or counselors are agents of the juvenile court and have the following powers and duties: receive and examine referrals to the juvenile court for the purpose of considering the filing of a petition or information pursuant to RCW 13.32A or 13.34 or RCW 13.40.070; make recommendations to the court regarding the need for continued detention or shelter care of a child; arrange and supervise diversion agreements; prepare predisposition studies and be present at the disposition hearing to respond to questions regarding those studies; and supervise court orders of disposition to ensure that all requirements of the order are met. *State v. Merz*, 54 Wn. App. 23, 26, 771 P.2d 1178, *review denied*, 113 Wn.2d 1002 (1989); RCW 13.04.040. These duties do not include executing court orders. *Dillenburg v. Maxwell*, 70 Wn.2d 331, 413 P.2d 940, 422 P.2d 783 (1966), *cert. denied*, 386 U.S. 998 (1967).

In *Dillenburg*, a probation officer signed an order sur-

---

[3]This version of the statute applied until July 1, 1998.

[4]Subsection (4)(b) refers to "Option B" dispositions, subsection (5) to sexual offender dispositions, and RCW 13.40.125 to deferred adjudications.

rendering juvenile court jurisdiction over a juvenile offender. The trial court's oral authorization of the order was not sufficient to render it valid.

> The only authority given by the juvenile court law to anyone to function as a judge is limited by the legislature to court commissioners in certain circumstances. Under the conditions described therein, the commissioner is vested with concurrent jurisdiction with the superior court judge to perform the functions of a juvenile court judge.
>
> If the legislature had intended to authorize probation officers to execute court orders in lieu of, or at the direction of, a juvenile court, it would have so provided by definite language in the act.

*Id.* at 342-43 (citations omitted). Similarly, a trial court may not authorize a probation officer to fix the amount of child support payments. *State v. Summers*, 60 Wn.2d 702, 708, 375 P.2d 143 (1962); *see also State v. Tauala*, 54 Wn. App. 81, 87, 771 P.2d 1188 (trial court must have discretion to accept or reject incarceration recommendations, otherwise sentencing responsibility would rest with the probation officer), *review denied*, 113 Wn.2d 1007 (1989).

■ We agree with the State that the probation officer's statutory authority with regard to disposition orders, i.e., to supervise such orders to ensure that their requirements are met, does not encompass authority to impose detention time. RCW 13.04.040(5). As RCW 13.40.160 makes clear, the court is to impose any term of confinement upon a juvenile offender.

Similarly, in *State v. Richard*, 58 Wn. App. 357, 792 P.2d 1279 (1990), the trial court erred when it found a probation violation of a curfew condition that the probation officer had added to a community supervision plan without a court order. The *Richard* court noted that while probation officers provide necessary supervision of juvenile offenders, it is the court and not the probation officer that imposes the conditions of community supervision, the violation of

which potentially subjects the juvenile to detention. *Id.* at 360. Accordingly, the curfew condition imposed by the probation officer was void. *Id.*

The juveniles argue that this case is distinguishable from *Richard* in that here the trial court expressly delegated to the probation officer the authority to revoke the suspension and impose detention time. Because the juvenile court delineated the conditions for imposing detention, they argue that the probation officer did not have unfettered discretion to impose the unserved time.

We disagree with this interpretation of the juvenile court's disposition orders. The only condition delineated for imposing the remaining detention time is the probation officer's exercise of discretion.

■ Moreover, if the orders did state that two or five days' detention would result if the juveniles violated the conditions, the orders would conflict with RCW 13.40.200. As *Richard* illustrates, after a probation officer reports that a juvenile has violated certain disposition order conditions, the juvenile is entitled to a hearing with full due process protections. If the court finds a violation, it may impose up to 30 days' confinement. RCW 13.40.200(1)-(3). A trial court may not avoid these procedures by authorizing the probation officer to determine if there has been a violation and, if so, to impose detention time.

Thus, we hold that a juvenile court may not order suspended detention time without express statutory authorization; and we hold further that even if the statute authorizes suspended detention time, the court may not delegate its discretion to a probation officer to find a probation violation and place the juvenile in detention.

Accordingly, we reverse those portions of the disposition that give the probation officer authority to suspend the juveniles' detention time.

Bʀɪᴅɢᴇᴡᴀᴛᴇʀ, A.C.J., and Aʀᴍsᴛʀᴏɴɢ, J., concur.