# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48673-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BS, | |
| Appellant. | |

BJORGEN, C.J. — BS appeals from an order modifying the disposition entered by the juvenile court following her admitted violations of supervision conditions.  BS contends that the juvenile court's refusal to compel the State to provide her with Aggression Replacement Therapy as ordered in the original disposition, violated her due process rights.  Because the disposition order at issue has expired and there is no effective relief that we may provide BS, we dismiss this appeal as moot.

## FACTS

On August 6, 2015, the State charged 13-year-old BS by amended information with third degree assault.  BS pled guilty to the offense.  The juvenile court accepted her plea and entered a guilty adjudication and disposition order.  Relevant to this appeal, the disposition order provided that BS "shall be evaluated for and comply with all treatment recommendations of Anger Management or Aggression Replacement Therapy ('ART')."  Clerk's Papers (CP) at 16.

On February 24, 2016, the State filed a motion and affidavit to modify the disposition, alleging that BS had violated multiple supervision conditions.  BS filed a response to the State's disposition modification motion.  BS's response did not contest that she had violated her

supervision conditions, but argued that the conduct leading to her violations was a direct result of

the probation department's failure to provide her with Anger Management services or ART. BS

therefore requested the juvenile court to decline to impose detention and to order the probation

counselor to enroll her in the next ART class.

On February 26, 2016, the juvenile court held a hearing to address the State's

modification motion and BS's response thereto. At the hearing, BS stipulated to having

committed the alleged supervision violations. BS's multisystemic therapy (MST) counselor,

Jessica Pickert, testified at the hearing that BS was placed in MST therapy due to difficulties

with BS's mother transporting her to the ART program.

After Pickert concluded her testimony, BS's counsel requested that the juvenile court

order the State to address BS's issues with transportation to ART, deny the State's request for

detention, and to set the matter over for review in 30 days. Regarding the request for ART, the

juvenile court stated to BS:

> It is clear—and as happens sometimes when a case comes before the court, the court orders youth to engage in certain circumstances. In this case, for example, you were ordered to do ART, and it was because this was an assault, and oftentimes, the court orders youth to do ART. We order that before there's been any needs assessment, before the probation officer has had an opportunity to look at you and your family and find out what service really is going to best meet your needs.
> And your needs are not only whatever your issues are; it's also what can your family realistically do. I don't want you to be in ART if you can't make it there three days a week, because it sets you up to fail. And everyone recognizes that, right now, based upon transportation alone, you can't come up here to the courthouse three days a week for ART.

Report of Proceedings (RP) at 27. The juvenile court thereafter modified the disposition to

impose nine days of confinement. BS appeals.

No. 48673-3-II

ANALYSIS

BS's supervision conditions under the disposition order expired on August 6, 2016. Because the disposition order has expired, there is no effective relief that we may provide BS with respect to her claim that the juvenile court violated her due process rights by failing to compel the State to provide her with ART. Her claim is therefore moot. *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 447, 759 P.2d 1206 (1988).

BS acknowledges that her claim is moot, but requests that we nonetheless address it because her claim is capable of repetition yet likely to evade review. We decline to do so.

In general, we will dismiss an appeal that presents only moot issues. *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). We may, however, exercise our discretion to review a claim that is technically moot if we determine that the claim involves matters of continuing and substantial public interest. *State v. Clark*, 91 Wn. App. 581, 584, 958 P.2d 1028 (1998). When determining whether the public interest exception applies to review an otherwise moot case, we examine the following criteria: "(1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." *In re Detention of Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983) (citing *Sorenson*, 80 Wn.2d at 558).

The United States Supreme Court has also recognized an exception to the general rule against reviewing moot claims where the issues presented therein are "'capable of repetition, yet evading review.'" *Hart*, 111 Wn.2d at 451 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982); *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219

3

U.S. 498, 515, 31 S. Ct. 279, 55 L. Ed. 310 (1911)). Although our state Supreme Court has not expressly adopted this exception, our case law suggests it is effectively subsumed in the public interest exception.[1]

BS does not argue that her otherwise moot claim should be reviewed under the public interest exception, instead arguing only that we should review her claim because the issue is capable of repetition yet likely to evade review. However, because these rationales are so similar, we deem BS also to be urging the public interest exception.

Turning, then, to the public interest exception, we conclude that the *Sorenson* criteria do not weigh in favor of review. First, although BS frames her claim as one concerning the State's obligation to provide services ordered by the juvenile court under a disposition order—a question of a public nature—her case actually concerns a dispute over whether the juvenile court was required to compel the State to provide ART services as ordered in the disposition despite the juvenile court's determination that ART did not "best meet [BS's] needs." RP at 27; *In re Cross*, 99 Wn.2d at 377. This dispute has both public and private aspects. Second, because the actual issue in this case concerns the juvenile court's ability to modify BS's supervision conditions to best meet her individual needs, a fact-intensive inquiry, an authoritative determination on the issue will not likely provide future guidance to public officers. *In re Cross*, 99 Wn.2d at 377.

---

[1] In *Hart*, our Supreme Court declined to adopt the "capable of repetition, yet evading review" exception to mootness, noting that "[e]ven if we were to adopt this exception to the general rule against issuing decisions in moot cases, such an exception would not be proper here." 111 Wn.2d at 451. Although we have mentioned the exception in previous cases, it does not appear that we have applied it independently from the public interest exception. *See, e.g.*, *Clark*, 91 Wn. App. at 584 (emphasis added) ("The appellate court also will review issues of *public interest* that are capable of repetition yet easily evade review."); *State v. Hale*, 94 Wn. App. 46, 52, 971 P.2d 88 (1999) ("But this issue is a matter of continuing and substantial public interest, 'capable of repetition yet easily evad[ing] review.'") (quoting *Clark*, 91 Wn. App. at 584).

No. 48673-3-II

Finally, given the fact-specific nature of the issue presented in this case, it is not likely to reoccur. *In re Cross*, 99 Wn.2d at 377. Accordingly, the *Sorenson* criteria plainly weigh against review in these circumstances, and we conclude that the public interest exception of the mootness doctrine does not apply in this case.

We therefore dismiss this appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

LEE, J.

MELNICK, J.