IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 79793-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ANTHONY THOMAS WALLER, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 24, 2020 |

SCHINDLER, J.P.T.* — Under RAP 2.2(b)(3), the State has the right in a criminal case to appeal an order vacating a judgment. The State does not have the right to appeal an order granting a CrR 7.8(b)(5) motion for relief from judgment requesting a new sentencing hearing to consider the characteristics of youth at the time of the offense. The State has the right to appeal only if following the hearing, the court decides to vacate and amend the judgment and sentence. Under the plain and unambiguous language of CrR 7.8(b), scheduling a new sentencing hearing "does not affect the finality of the judgment or suspend its operation." Because the uncontroverted record establishes the court did not vacate and amend the judgment and sentence, we dismiss the State's appeal.

Conviction and Exceptional Aggravated Sentence

On January 17, 1999, 21-year-old Anthony Thomas Waller and three friends drove to an industrial area to drink beer. Waller used a flathead screwdriver to break

into vehicles and steal items. As the group was getting ready to leave, Waller saw a man in the distance. Waller was worried the man saw him breaking into vehicles and would remember the license plate number of their vehicle. Waller got out of the vehicle and told his friends he " 'was going to go beat this guy's ass.' "[1] Waller chased after the man. Waller repeatedly stabbed the man in the eyes, face, and head more than 40 times with the flathead screwdriver. The man had "through-and-through" defensive "stab wounds to the left hand."[2] But the "majority of the wounds were localized around" his eyes.[3] There were "at least seven separate penetrating stab wounds that went through the eyes into the brain" that "could alone have been fatal."[4] After killing the man, Waller told his friends, " 'This is what happens . . . when people fuck with me.' "[5]

Waller told his fiancé that he had to leave Washington because he murdered someone. In March 1999, the police arrested Waller in Hawaii. Waller waived his Miranda[6] rights. Waller initially told the detectives that two of his friends killed the man and that he did not participate in the attack. After the detectives confronted him with evidence they had obtained, Waller admitted that he killed the man and that "he was the sole attacker," but "claimed that he was 'really drunk' that night" and did not mean to kill the man.[7]

A jury convicted Waller of premeditated murder in the first degree. His standard sentence range was 271 to 361 months. The State asked the court to impose an

---

[1] State v. Waller, 107 Wn. App. 1047, 2001 WL 919349, at *1.
[2] Waller, 2001 WL 919349, at *1.
[3] Waller, 2001 WL 919349, at *1.
[4] Waller, 2001 WL 919349, at *4.
[5] Waller, 2001 WL 919349, at *1 (alteration in original) (internal quotation marks omitted).
[6] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
[7] Waller, 2001 WL 919349, at *2.

2

exceptional sentence based on the aggravating factor of deliberate cruelty. At the sentencing hearing, Waller criticized the police investigation, insisted he was innocent, and blamed others for committing the crime.

The court imposed an exceptional sentence of 432 months. The court found Waller acted with premeditated intent to kill the victim by deliberately stabbing him in the eyes, face, and head more than 40 times with a flathead screwdriver. The court found the "sufficiently long" time it took to inflict the fatal stab wounds through the victim's eyes into his brain inflicted "extreme fear, pain[,] and suffering" on the victim before his death. The findings state the extent and number of stab wounds were "gratuitous," and the comment Waller made at the end of the attack "further evidenced his deliberate cruelty and intent to perpetrate gratuitous violence" toward the victim. The court concluded the "deliberate cruelty and gratuitous violence" justified the exceptional sentence.

We affirmed the conviction and imposition of the exceptional sentence based on the aggravating factor of deliberate cruelty. Waller, 2001 WL 919349, at *1. The Washington Supreme Court denied review. State v. Waller, 147 Wn.2d 1009, 56 P.3d 565 (2002). We issued the mandate on November 18, 2002.[8]

CrR 7.8(b)(5) Motion for Relief from Judgment

On March 8, 2018, Waller filed a pro se motion for relief from judgment under CrR 7.8(b)(5) requesting the court schedule a new sentencing hearing. CrR 7.8(b)(5) permits the court to grant relief from judgment for "[a]ny other reason justifying relief."

---

[8] On November 18, 2005, Waller filed a writ of habeas corpus in federal court. Waller argued his attorney provided ineffective assistance of counsel by failing to raise intoxication as a diminished capacity defense, the exceptional sentence violated his United States Constitution Sixth Amendment right to a jury trial, and statements to the police violated his United States Constitution Fifth Amendment right against self incrimination. See Waller v. Quinn, No. C05-1904-MJP, 2006 WL 3230151, at *4-*5 (W.D. Wash. Nov. 6, 2006) (court order). The court denied the writ of habeas corpus with prejudice. Waller, 2006 WL 3230151, at *7.

"A vacation under subsection (5) is limited to extraordinary circumstances not covered by any other section of the rule." State v. Cortez, 73 Wn. App. 838, 841-42, 871 P.2d 660 (1994) (citing State v. Brand, 120 Wn.2d 365, 369, 842 P.2d 470 (1992)). CrR 7.8, "Relief from Judgment or Order," states, in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) Any other reason justifying relief from the operation of the judgment.
>
> The motion . . . is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.
>
> **(c) Procedure on Vacation of Judgment.**
>
> (1) Motion. Application shall be made by motion stating the grounds upon which relief is asked, and supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based.
>
> (2) Transfer to Court of Appeals. The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.
>
> (3) Order to Show Cause. If the court does not transfer the motion to the Court of Appeals, it shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.

Under RCW 10.73.090(2), a CrR 7.8(b) motion for relief from judgment is a collateral attack:

> For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

4

As a general rule, RCW 10.73.090(1) requires a defendant to file a motion for collateral attack within one year of final judgment:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

However, the one-year time bar under RCW 10.73.090(1) does not apply where there has been a significant change in the law. RCW 10.73.100(6). RCW 10.73.100(6) states:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> . . . .
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Waller cited the Washington Supreme Court decision in State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015), to argue he was entitled to a new sentencing hearing. In O'Dell, the Washington Supreme Court held the decision in State v. Ha'mim, 132 Wn.2d 834, 940 P.2d 633 (1997), did not bar the sentencing court from considering the characteristics of a youth who just turned 18-years-old as a substantial and compelling factor supporting an exceptional sentence below the standard-range sentencing guidelines under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. O'Dell, 183 Wn.2d at 689. The court notes that when the legislature defined an "offender" subject to the SRA under former RCW 9.94A.030(34) (2012) as "a person who has committed a felony established by state law and is eighteen years of age or

older," it did not have the benefit of the psychological and brain science studies supporting the recent United States Supreme Court decisions in Roper v. Simmons, 543 U.S. 551, 554, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (imposing the death penalty on juvenile offenders is disproportional and unconstitutional), Graham v. Florida, 560 U.S. 48, 75, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (absent "some meaningful opportunity to obtain release," the Eighth Amendment to the United States Constitution prohibits sentencing a juvenile to a life sentence without the possibility of parole in nonhomicide cases), and Miller v. Alabama, 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (a sentencing scheme that mandates life without parole is unconstitutional for juvenile offenders, including homicide cases). O'Dell, 183 Wn.2d at 691.

The court in O'Dell states the psychological and neurological studies the Supreme Court cites in Roper, Graham, and Miller illustrate the fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure. O'Dell, 183 Wn.2d at 691-92. The court held that while "age is not a per se mitigating factor . . . , in particular cases," youth can be a substantial and compelling factor justifying an exceptional sentence below the standard range. O'Dell, 183 Wn.2d at 695-96. In his affidavit, Waller states, "The sentencing judge never took my youthfulness into consideration at my sentencing."

Order Transferring CrR 7.8(b) Motion to Court of Appeals

CrR 7.8(c)(2) states the court shall transfer a CrR 7.8(b) motion to the court of appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 because "(i) the defendant has made a

substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." If the court does not transfer the motion to the court of appeals, "it shall enter an order fixing a time and place for hearing." CrR 7.8(c)(3).

The State filed a motion to transfer Waller's CrR 7.8(b) motion for relief from judgment to the court of appeals as a personal restraint petition (PRP). The State argued the decision in O'Dell was not a significant change in the law:

> In O'Dell, the state [S]upreme [C]ourt reaffirmed what it had said previously in State v. Ha'mim, 132 Wn.2d [at] 834 . . . : an exceptional sentence below the standard range may not be imposed on youth alone, but a defendant's youth may be considered as to whether the defendant lacked the capacity to appreciate the wrongfulness of his conduct or the ability to conform his conduct to the law, as provided in RCW 9.94A.535(1)(e). 183 Wn.2d at 689.

The superior court entered an order transferring the CrR 7.8(b)(5) motion to the court of appeals as a PRP.

Motion for Reconsideration

Citing In re Personal Restraint of Light-Roth, 200 Wn. App. 149, 401 P.3d 459 (2017), Waller filed a motion to reconsider the decision to transfer the CrR 7.8(b)(5) motion for relief from judgment to the court of appeals. In Light-Roth, we held the decision in O'Dell was a significant and retroactive change in the law. Light-Roth, 200 Wn. App. at 152. Waller asked the court to "set a hearing where he can present evidence that his youthfulness at the time of the offense supports leniency."

On June 6, 2018, the superior court entered an order granting the motion for reconsideration. The order states, in pertinent part, "In light of In re PRP of Light-Roth, 200 Wn. App. 149 (2017), it appears that the motion should be granted and a

7

resentencing hearing should be scheduled."[9]

The parties filed a motion to clarify the June 6, 2018 order. On June 26, the superior court entered an "Order Clarifying Order Granting Defendant's Motion for Reconsideration." The order states the June 6, 2018 order "implicitly grants a resentencing hearing" and "was indeed intended to order a resentencing hearing for the defendant (over the objection of the State of Washington)." The court states the June 6, 2018 order "expressly order[s] a resentencing hearing for the defendant."

Appeal to Supreme Court

On June 29, 2018, the State filed a notice of appeal or discretionary review in the Washington Supreme Court challenging the orders granting the CrR 7.8(b) motion for relief from judgment by scheduling a new sentencing hearing. On July 10, 2018, the Supreme Court accepted review and entered an order directing the State to file a brief within 45 days and Waller to file a brief within 60 days after receipt of the State's brief.[10]

The State filed a motion in superior court to stay the sentencing hearing. On July 17, 2018, the superior court denied the motion to stay as moot. "Because review has been accepted, RAP 7.2 applies. It appears that RAP 7.2 does not provide for a resentencing hearing."[11]

On August 2, 2018, the Washington Supreme Court reversed the court of appeals decision in Light-Roth. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 422

---

[9] The order directed the parties to schedule a resentencing hearing in July or August 2018 and submit briefs addressing the "factual scope of the resentencing."

[10] Although the Supreme Court decided that "this case will be opened as a notice of appeal," the court notes that "it is unclear whether this is properly designated [as] a notice of appeal or a notice for discretionary review. . . . If the Court determines otherwise, the notice will be redesignated at that time."

[11] (Footnote omitted.) RAP 7.2(a) provides, "Generally. After review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule, unless the appellate court limits or expands that authority as provided in rule 8.3." (Boldface omitted.)

P.3d 444. The court held O'Dell was not a significant change in the law and dismissed the PRP as time barred. Light-Roth, 191 Wn.2d at 338. The court held that "[w]hile O'Dell broadened our understanding of youth as it relates to culpability, it did not alter the court's interpretation" of the SRA and the mitigating factor under RCW 9.94A.535 that allows the sentencing court to consider youth. Light-Roth, 191 Wn.2d at 337.

The State filed a brief arguing it has the right to appeal the order granting the CrR 7.8(b) motion for relief from judgment, and based on the recent Supreme Court decision in Light-Roth, the CrR 7.8(b) motion was time barred as a collateral attack on the judgment.

Waller argued the State does not have the right to appeal a CrR 7.8(b) order scheduling a new sentencing hearing. Waller argued the superior court should be allowed to proceed with a new sentencing hearing because he was sentenced under "a procedural scheme and substantive legal framework that is now invalid." Waller asserted case law establishes that "[j]uveniles are fundamentally different from mature adults for purposes of constitutionally permissible punishment."

The Washington Supreme Court entered an order transferring the appeal to this court.

Review of Moot Case

While the appeal was pending in this court, the State filed a RAP 7.2 motion to allow the superior court to enter an "Order Clarifying June 2018 Orders." The Order Clarifying June 2018 Orders states, in pertinent part:

> On August 2, 2018, the Supreme Court reversed Division One's Light-Roth decision, which was the basis of this Court's June 6 and 26, 2018 Orders. In light of the Supreme Court decision, this Court does not intend to hold a resentencing in this case and intends to enter an order as

follows: "In light of In re PRP of Light-Roth, 191 Wn.2d 328 (2018), it is ORDERED that the Court's June 6 and 26, 2018 Orders are hereby vacated."[12]

We granted the motion and on January 8, 2020, the court entered an "Order Vacating June 2018 Orders."

The State concedes entry of the Order Vacating June 2018 Orders means the appeal is technically moot. But the State argues we should decide whether it has the right under RAP 2.2(b)(3) to appeal an order granting a CrR 7.8(b) motion for relief from judgment scheduling a new sentencing hearing.

As a general rule, appellate courts do not consider moot cases. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). "A case is technically moot if the court can no longer provide effective relief." Hunley, 175 Wn.2d at 907. However, we have the discretion to decide an issue that is of continuing and substantial public interest. Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). To determine whether a case presents an issue of continuing and substantial public interest, we consider three factors:

> "[(1)] [T]he public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question."

In re Pers. Restraint of Mattson, 166 Wn.2d 730, 736, 214 P.3d 141 (2009)[13] (quoting Sorenson, 80 Wn.2d at 558).

We conclude all three factors and the likelihood that the issue will evade review[14]

---

[12] Emphasis in original; footnotes omitted.

[13] Internal quotation marks omitted.

[14] We note that in State v. Scott, 190 Wn.2d 586, 416 P.3d 1182 (2018), and State v. Miller, 185 Wn.2d 111, 371 P.3d 528 (2016), the court considered the State's appeal of orders granting a CrR 7.8(b) motion to schedule a new sentencing hearing. Neither case addressed whether the State had the right to appeal the orders under RAP 2.2(b)(3).

weigh in favor of exercising our discretion to decide the narrow question of whether the State has the right under RAP 2.2(b)(3) to appeal an order granting a CrR 7.8(b) motion for relief from judgment requesting a new sentencing hearing.[15] State v. Clark, 91 Wn. App. 581, 584, 958 P.2d 1028 (1998).

<u>Right to Appeal Order Granting CrR 7.8(b)(5) Motion for Relief from Judgment Scheduling New Sentencing Hearing</u>

RAP 2.2(b)(3) governs whether the State has the right to appeal a CrR 7.8(b) order granting a motion for relief from judgment requesting a new sentencing hearing.

Interpretation of a rule is a question of law we review de novo. State v. McEnroe, 174 Wn.2d 795, 800, 279 P.3d 861 (2012); State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). We use the principles of statutory construction to interpret a court rule. McEnroe, 174 Wn.2d at 800. Our fundamental goal is to ascertain and carry out the intent of the rule. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We begin with the plain language of the rule. Armendariz, 160 Wn.2d at 110. It is the duty of the court to construe rules in a manner that best fulfills intent. State ex. rel. Royal v. Bd. of Yakima County Comm'rs, 123 Wn.2d 451, 462, 869 P.2d 56 (1994).

In determining the plain meaning of a rule, we look at the context of the rule, related provisions, and the statutory scheme as a whole. State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). We must interpret and construe a rule to give effect to the language used in the rule with no portion rendered meaningless or superfluous. State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003). When engaging in rule interpretation, we avoid constructions that yield unlikely, absurd, or strained

_____

[15] We deny Waller's request to address whether the CrR 7.8(b)(5) motion is time barred.

consequences. State v. Barbee, 187 Wn.2d 375, 389, 386 P.3d 729 (2017). If the plain meaning of a rule is unambiguous, our inquiry is at an end. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010); Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

RAP 2.2(b) states, in pertinent part:

**Appeal by State or a Local Government in Criminal Case.** Except as provided in section (c), the State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

. . . .

(3) Arrest or Vacation of Judgment. An order arresting or vacating a judgment.

The State asserts an order granting a CrR 7.8(b)(5) motion for relief from judgment requesting a new sentencing hearing to consider evidence of youth is "a ruling that vacates judgment." We disagree. Neither the cases the State cites nor CrR 7.8(b) supports the State's assertion.

In In re Personal Restraint Petition of Skylstad, 160 Wn.2d 944, 946, 162 P.3d 413 (2007), the court held that a judgment is not final for purposes of the one-year time-bar under RCW 10.73.090 when the appeal of the defendant's sentence was still pending. The court states that in criminal cases, " '[t]he sentence is the judgment.' " Skylstad, 160 Wn.2d at 951-52 (quoting Berman v. United States, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). The court in Skylstad also cites State v. Harrison, 148 Wn.2d 550, 561-62, 61 P.3d 1104 (2003) (after defendant's "sentence was reversed, . . . the finality of the judgment is destroyed" and defendant's "prior sentence ceased to be a final judgment on the merits"), and State v. Siglea, 196 Wn. 283, 286, 82 P.2d 583 (1938) ("In a criminal case, it is the sentence that constitutes the judgment

12

against the accused, and, hence, there can be no judgment against him until sentence is pronounced."). Skylstad, 160 Wn.2d at 950. The court in Skylstad concluded the mandate was not a final judgment because "[a] final judgment means both the conviction and sentence are final." Skylstad, 160 Wn.2d at 955.

In another case cited by the State, State v. Larranaga, 126 Wn. App. 505, 506, 108 P.3d 833 (2005), we reversed the superior court order denying the defendant's CrR 7.8(b) motion for resentencing. We held the defendant had the right to appeal the order under RAP 2.2(a)(9). Larranaga, 126 Wn. App. at 508-09. RAP 2.2(a)(9) expressly states a defendant has the right to appeal "[a]n order granting or denying a motion for . . . amendment of judgment." Unlike RAP 2.2(a)(9), RAP 2.2(b) designating the limited decisions the State has the right to appeal does not give the State the right to appeal a motion to amend a judgment.

It is well established that the court has the authority under CrR 7.8(b) to vacate a judgment and amend an erroneous sentence. State v. Hardesty, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996). RAP 2.2(b)(3) gives the State the right to appeal an order vacating a judgment. If a court grants a CrR 7.8(b) motion for relief from judgment by amending the judgment and sentence, the State has the right to appeal under RAP 2.2(b)(3). But where, as here, the court does not amend the sentence, the judgment remains in effect. CrR 7.8(b). The plain and unambiguous language of CrR 7.8(b) states, "A motion under section (b) does not affect the finality of the judgment or suspend its operation." The uncontroverted record establishes the court did not amend the judgment and sentence. The court granted Waller's CrR 7.8(b)(5) motion for relief from judgment requesting a new sentencing hearing to consider his youth at the time of

the offense and decide whether to amend the judgment and sentence.[16]  We dismiss

the State's appeal.

WE CONCUR:

_____  Schindler, J.P.T

_____  _____

_____

[16] We note case law does not mandate imposition of an exceptional sentence or amendment of a sentence based on youth as a mitigating factor.  In O'Dell, the court held that "a trial court must be allowed to consider youth as a mitigating factor" but specifically recognized that "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence."  O'Dell, 183 Wn.2d at 696, 695.  In State v. Houston-Sconiers, 188 Wn.2d 1, 18, 391 P.3d 409 (2017), the court noted the Eight Amendment mandates courts recognize that "children are different."  See also Miller, 567 U.S. at 481.  Due to this difference, trial courts "must have absolute discretion" to impose sentences below the standard applicable range and with or without otherwise mandatory sentence enhancements when sentencing a juvenile in adult court.  Houston-Sconiers, 188 Wn.2d at 9.  The court stated, "Trial courts must consider mitigating qualities of youth at sentencing," including a juvenile's age, immaturity, and failure to appreciate risks and consequences.  Houston-Sconiers, 188 Wn.2d at 21.

* The Washington Supreme Court has appointed Judge Schindler to serve as a judge pro tempore pursuant to RCW 2.06.150.