# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Appellant, | No. 79793-0-I |
| v. | UNPUBLISHED OPINION |
| ANTHONY THOMAS WALLER, | |
| Respondent. | |

DWYER, J. — This action was remanded to us for resolution of any remaining claims for relief after our Supreme Court determined an issue of continuing and substantial public concern in this moot case. As no further relief is requested, we dismiss the appeal.

I

In January 1999, 21-year-old Anthony Thomas Waller chased a man who had seen him breaking into vehicles, and stabbed the man with a screwdriver more than 40 times, causing his death. The following December, a jury found him guilty of murder in the first degree.

The standard range sentence for Waller was 261-347 months. The trial court determined that Waller's actions represented deliberate cruelty and imposed an exceptional sentence of 432 months. Waller appealed, and we affirmed the conviction in 2001. State v. Waller, noted at 107 Wn. App. 1047 (2001).

In March 2018, Waller filed a pro se CrR 7.8(b) motion in superior court, arguing that he was entitled to resentencing under State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015). The State moved to transfer the motion to this court as a personal restraint petition. The superior court granted the State's motion, ruling that Waller's motion was time-barred and accordingly must be transferred to this court. Waller moved for reconsideration in light of our decision in In re Pers. Restraint of Light-Roth, 200 Wn. App. 149, 401 P.3d 459 (2017), and on June 7, 2018, the superior court granted Waller's motion for reconsideration and vacated its transfer order. On June 26, the superior court clarified that it had intended to order a resentencing hearing for Waller.

The State initiated this appeal from that order. On July 17, 2018 the superior court issued an order under RAP 7.2, cancelling the resentencing hearing. On August 2, 2018, our Supreme Court reversed our decision in Light-Roth, and held that O'Dell did not constitute a significant change in the law. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 338, 422 P.3d 444 (2018). The superior court then indicated that, following the Light-Roth decision, it did not intend to hold a resentencing. With our permission, in January 2020, the superior court vacated its order.

In the meantime, we reviewed the State's moot appeal to decide the issue of continuing and substantial public concern, whether the State has the right under RAP 2.2(b)(3) to appeal an order granting a CrR 7.8(b) motion for relief from judgment requesting a new sentencing hearing. State v. Waller, 12 Wn. App. 2d 523, 534, 458 P.3d 817 (2020). We concluded that the record

established that the superior court did not amend the judgment and sentence, as would be required for the State to have the right to appeal. Waller, 12 Wn. App. 2d at 536-37.

In February 2021, our Supreme Court reversed our decision, determining that the superior court's order vacated the judgment when it granted Waller's motion to vacate and set a resentencing hearing. State v. Waller, 197 Wn.2d 218, 226-27, 481 P.3d 515 (2021). The Supreme Court then agreed that the case is moot but, nevertheless, remanded the matter to us for further proceedings. Waller, 197 Wn.2d at 229.

We invited additional briefing from the parties. The appellant, the State, indicated that it does not seek any further relief. Waller did not respond to our request. Accordingly, the appeal remains moot, as no relief is sought by either party.

When an appeal is moot, it should be dismissed.

Dismissed.

Dwyer, J.

WE CONCUR: