[No. 86084-0.    En Banc.]
Argued November 10, 2011.      Decided June 28, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH THOMAS McENROE, *Petitioner*.

796

*Kathryn L. Ross* (of *Washington State Death Penalty Assistance Center*) and *Leo J. Hamaji* and *William J. Prestia* (of *The Defender Association*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Andrea R. Vitalich* and *Scott M. O'Toole, Deputies,* for respondent.

*Colleen E. O'Connor* and *David P. Sorenson* on behalf of Michele Anderson, amicus curiae.

¶1 MADSEN, C.J. — This case is about determining the proper procedure when a party files documents contemporaneously with a motion to seal. GR 15 governs the general procedure for sealing court records. King County has adopted Local General Rule (LGR) 15 whereby documents are submitted along with the sealing motion directly to the hearing judge. If the motion is denied, the documents in question are filed by the judge with the clerk and are open to the public.

¶2 The defendant, Joseph T. McEnroe, wants to file a motion to seal documents that would be used in support of a separate motion (his separate motion asks that he be tried second, following his codefendant's severed trial). Before doing so, he filed a motion to waive LGR 15 and requested the opportunity to withdraw those documents in the event his motion to seal was denied. The trial court denied his motion, ruling that GR 15 and its local counterpart preclude withdrawal.

¶3 We hold that LGR 15, as written, does not apply to criminal proceedings and that GR 15 does not require documents submitted with a motion to seal to be open to the public while the court considers the motion. Further, we hold that GR 15 allows withdrawal of those documents if the trial court denies the motion to seal. Accordingly, we reverse the trial court and remand with instructions to allow withdrawal in the event defendant's request for sealing is denied.

## FACTS AND PROCEDURAL HISTORY

¶4 Joseph McEnroe and Michele Anderson are charged with six counts of aggravated murder, and the State has given notice it intends to seek the death penalty. The trial

court severed the trials of the codefendants but has not determined who will be tried first.

¶5 McEnroe wants to be tried second and advised the trial court he will file a motion in support of this position.[1] He further advised that in order to properly evaluate the merits of that motion, the court would need to understand the defense theory of McEnroe's mitigation case, including possible mental health mitigation. McEnroe is concerned that premature disclosure of his defense strategies regarding mitigation will prejudice his case, both at the guilt and penalty phase, should there be a conviction. To protect this sensitive information, McEnroe sought to file his motion to be tried second, and accompanying documents, under seal.

¶6 The trial court cautioned the parties that King County's LGR 15 would apply to all motions to seal. That rule provides the following procedure: "Contemporaneously with filing the motion to seal, the moving party shall provide . . . the original unredacted copy of the document(s) the party seeks to file under seal to the hearing judge in an envelope for in camera review." LGR 15(c)(3)(A)(i). "If the hearing judge denies the motion to seal, the judge will file the original unredacted document(s) unsealed with an order denying the motion." LGR 15(c)(3)(B). In other words, documents sought to be sealed are provided directly to the hearing judge and, if the party's motion to seal is denied, the documents are filed by the hearing judge and open to the public.

¶7 Foreseeing the possibility of sensitive documents being made public, McEnroe filed a motion to waive LGR 15[2] for the purpose of filing his motion to seal. He asked the trial court to rule on his motion to seal prior to consideration of his motion regarding the order of trials. In the

---

[1] Anderson also advised the trial court she would like to be tried second.

[2] The full title of his motion is "Motion to Waive LGR 15 for the Purpose of Filing Defendant's Motion to Seal Defendant's Motion to Have His Trial after Michele Anderson's Trial is Complete" (hereinafter Mot. to Waive LGR 15). Clerk's Papers at 1. Anderson joined McEnroe in this motion.

event the court denied his motion to seal, he asked for the opportunity to seek review of the ruling prior to the judge filing the documents and for the opportunity to withdraw his motion to be tried second along with the supporting documents before they are unsealed.

¶8 The trial court denied McEnroe's motion to waive LGR 15 and denied his request to withdraw his motion and supporting documents in the event the court refused to seal them. The order nevertheless acknowledged that "having painstakingly reviewed LGR 15, it appears that an argument could be made that LGR 15 as written only applies to civil and domestic relations court records." Clerk's Papers (CP) at 23 (Order on Def.'s Mot. to Waive LGR 15 (hereinafter Order)). Finally, the trial court also ruled that if the motion to seal was eventually denied, the unredacted documents would be filed under seal for no less than 30 days to permit counsel an opportunity to seek review of that ruling.

¶9 McEnroe moved for discretionary review, arguing that GR 15, as adopted by the Washington Supreme Court, "contains no such drastic consequence [as LGR 15] for parties unsuccessful in their efforts to seal sensitive documents." CP at 5 (Mot. to Waive LGR 15). His underlying concern is that LGR 15 forces parties to choose between risking release of confidential information or withholding from the court's consideration potentially relevant information in support of a motion.

## ANALYSIS

■■ ¶10 Resolution of this case requires interpretation of a court rule, which is subject to de novo review. *State v. Osman*, 168 Wn.2d 632, 637, 229 P.3d 729 (2010). We interpret court rules using the rules of statutory construction. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Rules are construed so as to effectuate the drafters' intent, avoiding readings that result in absurd or strained consequences. *See Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

¶11 Our state constitution provides that "[j]ustice in all cases shall be administered openly." CONST. art. I, § 10. Although openness is presumed, it is not absolute. *Dreiling v. Jain*, 151 Wn.2d 900, 909, 93 P.3d 861 (2004). "The public's right of access may be limited to protect other significant and fundamental rights, such as a defendant's right to a fair trial." *Id.* Although the right generally applies to court records, GR 15(a), it does not apply to all court documents. For example, our constitution " 'does not speak' to the disclosure of information surfacing during pretrial discovery that does not otherwise come before the court because it 'does not become part of the court's decision-making process.' " *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 541, 114 P.3d 1182 (2005) (quoting *Dreiling*, 151 Wn.2d at 909-10).

¶12 This case raises questions about the status of documents filed contemporaneously with a motion to seal those documents. GR 15(a) "sets forth a uniform procedure for the destruction, sealing, and redaction of court records." King County adopted LGR 15 in an attempt to address what it believed was an unintended consequence of GR 15—that all documents are deemed filed prior to a motion to seal, rendering documents open to the public prior to a ruling sealing those documents. LGR 15 provides that unredacted documents must be provided to the hearing judge contemporaneously with filing a motion to seal those documents. LGR 15(c)(3)(A)(i). If the court grants a motion to seal, the redacted document is then filed. However, the local rule also requires the filing of unredacted original documents if the motion to seal is denied. LGR 15(c)(3)(B).

¶13 In response to McEnroe's motion to waive LGR 15, the trial court interpreted the local rule to require *immediate* filing of the motion and supporting documents in open court (with no opportunity to withdraw) if and when the motion to seal is denied. *See* CP at 19 (Order) ("should the court deny the defendants' respective motions to seal, the court will immediately file unredacted copies of the docu-

ments"). According to the trial court, "GR 15 contemplates that a party seeking to seal a document will file the motion and document as they would any other motion and supporting documentation." *Id.* at 21. Thus, the motion to seal, and documents sought to be sealed, would be open to the public prior to the motion being considered by the court. The trial court opined that "the reason why GR 15 does not contain the 'drastic consequence' of subsequent filing of the unredacted document is because the rule assumes that the documents have already been filed." *Id.* Based on this construction, the trial court concluded LGR 15 actually affords McEnroe "greater protection tha[n] GR 15, which affords no procedure for review prior to filing the document in the record." *Id.* at 22.

¶14 First, we address whether LGR 15 applies to this case at all. The trial court acknowledged the application of LGR 15 to criminal cases was debatable. It nevertheless applied the rule in this case "to avoid further potential confusion, and to provide guidance to the parties." *Id.* at 23.

■ ¶15 In construing the rule, we begin with the plain language. *Gourley v. Gourley*, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006). By its terms, the rule addresses only procedures for "Motions to destroy, redact or seal all or part of a *civil or domestic relations* court record." LGR 15(c)(1) (emphasis added). This limiting language appears in the first subsection of LGR 15(c) and provides that such motions shall be presented to the assigned judge, where possible. LGR 15(c)(1). The ensuing subsections (2) and (3) add further specificity to the procedures related to orders to destroy, redact or seal, and motions to seal or redact that are filed contemporaneously with confidential documents, respectively. Neither subsection references criminal cases. The context and the placement of the limiting language in the introductory section strongly suggests that LGR 15 is limited to civil and domestic relations cases.

¶16 The history leading to the rule's adoption also lends some support to this construction. When the local rule

change was published for comment, former Judge Paris Kallas published the following rule summary in the April 2009 King County Bar Association *Bar Bulletin*:

LGR 15—Sealing Rule: Many cases and court rules address motions to seal and redact court documents. Nonetheless a gap exists.

Specifically, neither GR 15, GR 22 nor King County Local Rules address the situation where a party seeks to seal or redact documents filed contemporaneously with a court document. This arises most often in the summary judgment setting. Currently, most parties address the gap by way of a discovery protective order. Enacting a local rule establishes a uniform and consistent practice.

Paris K. Kallas, *Superior Court Local Rules Changes Up for Comment*, KING COUNTY BAR ASSOCIATION BULLETIN (Apr. 2009), *available at* http://www.kcba.org/newsevents/barbulletin/index.aspx. Neither the language of LGR 15 nor the concerns leading to its adoption implicate criminal proceedings. Accordingly, we hold the local rule has no application to criminal proceedings.

¶17 Next, we turn to the trial court's interpretation of GR 15. GR 15 establishes procedures if sealing or redaction is ordered and the factors to consider when deciding whether to grant a motion to seal or redact court records. GR 15(c)(2). It also describes a procedure for unsealing records. GR 15(e). However, GR 15 does not address the status of documents that a party moves to file under seal prior to the court's decision on the motion. Nor does it expressly address what is to be done with the documents if the motion to seal is denied. Indeed, GR 15(c)(2) simply states that "the court may order the court files and records in the proceeding, or any part thereof, to be sealed" if the court makes and enters certain written findings.

¶18 Construing GR 15 to mean that documents that are the subject of a sealing motion have already been filed, as the trial court did here, fails to account for other provisions that specifically address sealing court records that have

*already been filed.* For instance, GR 15(c)(5)(B) provides that when there is an order to seal specified court records, the clerk shall "[r]*emove* the specified court records, seal them, and *return* them to the file under seal." (Emphasis added.) In contrast, GR 15(c)(1) and (2) make no reference to "removing" or "returning" records to the file, thus suggesting that documents that are the subject of a sealing motion under that section have not previously been filed.

¶19 Common sense also dictates our reading of GR 15. GR 15(b)(4) defines "seal" as "to protect from examination by the public and unauthorized court personnel." Treating documents as filed prior to an order sealing such records would not serve the purpose of protecting documents from examination. Any court order purporting to seal sensitive documents would be too late. We therefore hold GR 15 contemplates that documents filed contemporaneously with a motion to seal will not be open to the public while the court considers the motion. The trial court's order is reversed to the extent it suggests otherwise.

¶20 The final issue is whether a party may withdraw documents provided to the court contemporaneously with a motion to seal if the motion is denied. Although the rule does not explicitly describe such a procedure, withdrawal is supported by other provisions within GR 15, by court rules from other jurisdictions, and is consistent with our case law.

¶21 GR 15 applies to all "court records," regardless of the record's physical form, method of recording, or method of storage. GR 15(a). " 'Court record' " is defined to include "[a]ny document, information, exhibit, or other thing that is maintained by a court in connection with a judicial proceeding." GR 31(c)(4); *see also* GR 15(b)(2). Importantly, the term "does not include data maintained by or for a judge pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers." GR 31(c)(4). " 'Court file' " is also defined as "the pleadings, orders, and other papers *filed with the clerk* of the court." GR 15(b)(1) (emphasis added).

¶22 When a court denies a party's motion to seal, the documents sought to be sealed are neither "court records" nor part of the "court file" as defined by GR 15. Under the procedures described in GR 15, a motion to seal a document may be preliminary to the actual filing of the document. Documents offered contemporaneously with a motion to seal are merely working papers maintained by the judge until the court decides the motion and files the documents with the clerk. Accordingly, the language of GR 15 does not foreclose withdrawal of documents or other materials prior to their being filed.

¶23 Many other jurisdictions provide by rule that when a motion to seal is denied, the documents or other materials may be withdrawn. For example, the United States District Court for the Western District of Washington has promulgated a rule stating if the court denies the motion to seal, the documents will be unsealed, unless the court orders otherwise, or "unless the party that is relying on the sealed document . . . files a notice to withdraw the documents." U.S. DIST. CT. (W.D. WASH.) LOCAL CR 5(g)(5);[3] see also U.S. DIST. CT. (D. HAW.) LOCAL R. 83.12(b) (upon determination "that all or part of the information should not be sealed, the submitting party shall have the option of withdrawing the lodged document or having it filed publicly").

¶24 Some federal court rules go further by establishing rules that if the motion to seal is denied, the documents will simply be returned to the party or not filed. See, e.g., U.S. DIST. CT. (E.D. CAL.) LOCAL R. 141(e); U.S. DIST. CT. (N.D. CAL.) CIV. LOCAL R. 79-5(e); U.S. DIST. CT. (M.D. FLA.) LOCAL GENERAL R. 1.09(d); U.S. DIST. CT. (D. MD.) LOCAL CIV. R. 105.11. While these courts are not operating against the backdrop of our constitution, we have recently noted that "[t]he public's right to an open trial is mirrored federally by the First Amendment." State v. Lormor, 172 Wn.2d 85, 91, 257 P.3d 624 (2011) (citing Press-Enter. Co. v. Superior Court, 464

---

[3] Another local rule makes this applicable to criminal cases. U.S. DIST. CT. (W.D. WASH.) LOCAL CrR 1(a).

U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984)). There is also a similarly strong "presumption of openness" in federal criminal proceedings. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982). No federal court has ruled that withdrawal offends this presumption of openness.

¶25 Other state courts likewise return documents, unfiled, to the sealing proponent if the court denies the motion to seal. *See, e.g.*, CAL. RULES OF CT. R. 2.551(b)(4)-(6); N.M. RULES OF CRIM. P. FOR DIST. CTS. R. 5-123(B)(2), (E); TENN. CT. OF APPEALS R. 15(e)(ii); ALASKA APP. R. 512.5(b)(4); CAL. APP. R. 8.46(e)(7). Tennessee also has a constitutional provision, similar to our own, guaranteeing open court proceedings. *See* TENN. CONST. art. I, § 17. As in the federal context, no court has found that these state rules permitting withdrawal violate the constitutional right to open court proceedings.[4]

¶26 Allowing withdrawal is also consistent with our case law. In *Dreiling*, we held that the constitutional right to open courts does not compel open filing of mere discovery since it "does not become part of the court's decision-making process." 151 Wn.2d at 909-10; *see also Rufer*, 154 Wn.2d at 548 ("article I, section 10 is not relevant to documents that do not become part of the court's decision making process"). We have similarly held article I, section 10 does not apply to a preservation deposition taken before a trial judge but never used to support a motion or introduced into evidence at trial. *Tacoma News, Inc. v. Cayce*, 172 Wn.2d 58, 72, 256 P.3d 1179 (2011). In that case, we reasoned those constitu-

---

[4] The dissent opines that the appropriate means of adopting a withdrawal procedure is through our court rule-making process under GR 9. GR 9 is a useful mechanism, but it certainly does not preclude us from interpreting the implementation of existing court rules. *See, e.g.*, *State v. Knapstad*, 107 Wn.2d 346, 353, 729 P.2d 48 (1986) (formal rule-making proceedings do not prohibit a court from exercising its authority to decide procedural questions for which existing rules provide no explicit answer). Our task is to determine whether the trial court in this instance improperly construed GR 15. A formal rule may be considered subsequently, if at all, but that does not constrain us from evaluating and adjudicating the question today. *Id.*

tional provisions did not apply despite the presence of a judge who made certain rulings during the proceeding. *Id.* at 69.

¶27 The situation here is very similar. Documents withdrawn following a judge's ruling on a preliminary motion to seal are no more a part of the decision-making process than mere discovery or a preservation deposition. As in *Cayce*, the documents are viewed by a judge and subject to a ruling but are not being used to support a motion or introduced into evidence. Until the party uses the documents in support of a motion, they are not considered a court record, not part of the court file, and not part of the decision-making process. By definition, the withdrawn documents are not and cannot be considered by the court.

¶28 In *Dreiling* and *Rufer* we observed that documents considered by the court in reaching its decision must be open in order to assure the public that courts are operating fairly and appropriately. *See Dreiling*, 151 Wn.2d at 908-09; *Rufer*, 154 Wn.2d at 549. This makes sense in the context of most motions. However, there is a meaningful distinction between documents submitted contemporaneously with a motion to seal and documents submitted with other motions. Treating the documents to be sealed the same way as documents attached to other motions would undermine an order sealing those documents because even the sealed documents arguably shed light on the judge's decision making.[5]

---

[5] By claiming that the holding in *Rufer* encompasses a decision on whether to grant or deny a motion to seal, the dissent fails to recognize this important distinction. A trial court ruling on documents submitted contemporaneously with a motion to seal is unique and narrow. Permitting withdrawal does not affect our commitment to open courts because the withdrawn documents are never filed. They are not and cannot be considered by the court. Withdrawn documents offer no more insight into court proceedings than do sealed documents. Further, documents viewed by a judge are not automatically open to the public simply because they were viewed. *Cayce*, 172 Wn.2d at 69. They are presumed open only once they are "filed with the court in anticipation of a court decision." *Rufer*, 154 Wn.2d at 549. The dissent reads our case law too broadly.

¶29 This case illustrates the consequences of demanding immediate, unavoidable public filing of documents that a judge declines to seal. As McEnroe explains, he is being forced to choose: "withhold supporting materials that support and fully advise the trial court regarding motions the defendant deems necessary to his defense or risk the trial court releasing information that may seriously prejudice his ability to present his defense or select an impartial jury." CP at 4 (Mot. to Waive LGR 15). GR 15 does not mandate this result.[6] Accordingly, we hold that a party may withdraw documents submitted to the court in connection with a motion to seal if the court denies the motion.[7]

## CONCLUSION

¶30 We hold that GR 15 does not require open filing of documents submitted contemporaneously with a motion to seal, nor does it require the immediate filing of the documents that are denied sealing. Moreover, we hold that a party may withdraw contemporaneously filed materials following an unsuccessful motion to seal. We reverse and remand with instructions to allow McEnroe the opportunity to withdraw documents submitted with his motion to seal in the event his motion to seal is denied.

C. Johnson, Chambers, Owens, J.M. Johnson, Stephens, and Wiggins, JJ., concur.

---

[6] It is insufficient to claim that GR 15 "simply necessitates a tactical decision." Dissent at 811. There is no precedent or court rule that mandates immediate public access following a denied motion to seal. Even the trial court's order in this case provided McEnroe with an opportunity to seek review of an adverse ruling on his motion to seal. Further, the trial court temporarily sealed the documents for a period of at least 30 days, despite denying the motion to seal. These court-issued safeguards, permitting appellate review and temporarily filing under seal, betray the imprudence of precluding withdrawal.

[7] GR 7(b) provides that "[a]ll local rules shall be consistent with rules adopted by the Supreme Court." *See also* GR 31(d)(2). To the extent LGR 15 is inconsistent with this holding, we disapprove it.

¶31 FAIRHURST, J. (dissenting) — GR 15 does not permit a party to withdraw documents submitted to the trial court contemporaneously with a motion to seal if the motion to seal is denied. I therefore respectfully dissent from the majority's analysis, which unjustifiably reads a withdrawal procedure into GR 15.

¶32 Our constitution mandates that "[j]ustice in all cases shall be administered openly." WASH. CONST. art. I, § 10. Given this mandate, we presume that court records are open to the public. *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 540, 114 P.3d 1182 (2005). To get beyond this presumption of openness, the majority reasons that a motion to seal a document may be preliminary to the actual filing of the document. This is an artificial characterization unsupported by GR 15 and our case law. GR 15(b)(2), the definition section, says that " '[c]ourt record' is defined in GR 31(c)(4)." GR 31(c)(4)(i) defines " '[c]ourt record' " broadly to include "[a]ny document, information, exhibit, or other thing that is maintained by a court in connection with a judicial proceeding." Documents that are submitted contemporaneously with a motion to seal that is ultimately denied, fit squarely within this definition of a court record. The documents are maintained and considered by the court in connection with the court's ruling on a motion to seal. Indeed, there would be no need to evaluate the propriety of sealing if the documents did not qualify as court records from the outset.

¶33 Additionally, we have said that court records include "all records the court has considered in making *any* ruling, whether 'dispositive' or not." *Rufer*, 154 Wn.2d at 549. The phrase *"any* ruling" encompasses a decision whether to grant or deny a motion to seal. *Id*. We have further held that anything submitted "in anticipation of a court decision" may be sealed only if the *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982), factors are satisfied. *Rufer*, 154 Wn.2d at 549. Documents provided contemporaneously with a motion to seal are submitted "in anticipation" of the

court's decision on whether sealing is appropriate. *Id.* Our jurisprudence clearly directs that the documents shall be open to the public if the *Ishikawa* factors are not satisfied.

¶34 The majority attempts to support its conclusion by noting there is no language in GR 15 precluding withdrawal. But the absence of preclusion is not evidence of permission. In fact, the converse may be true. GR 15 contains no language explicitly *permitting* withdrawal. The absence of any language permitting withdrawal, in an otherwise very detailed rule, supports the proposition that GR 15 does not contemplate a withdrawal procedure.

¶35 By allowing withdrawal, the public is denied access to documents viewed and ruled upon by a judge. We have emphasized the importance of openness in no uncertain terms:

> The open operation of our courts is of utmost public importance. Justice must be conducted openly to foster the public's understanding and trust in our judicial system and to give judges the check of public scrutiny. Secrecy fosters mistrust. This openness is a vital part of our constitution and our history. The right of the public, including the press, to access trials and court records may be limited only to protect significant interests, and any limitation must be carefully considered and specifically justified.

*Dreiling v. Jain*, 151 Wn.2d 900, 903-04, 93 P.3d 861 (2004). The majority opinion denies the public access to court records and therefore undermines our constitutional presumption of openness and its fundamental role in our judicial system.

¶36 Furthermore, the judicial scrutiny required by a proper application of the *Ishikawa* factors necessarily safeguards the supposed sensitivity of documents sought to be sealed. *Dreiling*, 151 Wn.2d at 913-15. The *Ishikawa* factors take into consideration the competing interests of the parties' privacy and the public's interest in open government. *Dreiling*, 151 Wn.2d at 913-15. When the trial court

denies sealing, it necessarily determines the documents are appropriately subject to open filing. Precluding withdrawal does not put parties to a Hobson's choice as McEnroe claims. Rather, it simply necessitates a tactical decision. We have consistently cautioned that courts should not approve blanket sealing orders and emphasized that "parties requesting closure bear the respective burden for each document they seek to protect." *Rufer*, 154 Wn.2d at 545. Parties must carefully consider what materials, if any, to submit in support of a substantive motion. The consequence of open filing is and should be a consideration in that tactical decision. Otherwise, parties have nothing to lose by submitting voluminous and frivolous motions to seal. The withdrawal procedure approved by the majority threatens to inappropriately burden courts with these preliminary sealing determinations which are, in effect, advisory opinions.

¶37 Even assuming a withdrawal procedure is constitutional, the appropriate means of adoption is through our rule-making process. *See* GR 9. We have noted that "[f]oisting [a] rule upon courts and parties by judicial fiat could lead to unforeseen consequences." *In re Pers. Restraint of Carlstad*, 150 Wn.2d 583, 592 n.4, 80 P.3d 587 (2003). The rule-making process, in contrast, results in substantial input from interested stakeholders and a greater opportunity for careful consideration. *Id.* Foreign jurisdictions that have adopted a withdrawal process have all done so explicitly by court rule. A rule-making process is the most appropriate means to consider the wisdom of allowing parties to withdraw documents previously submitted for a sealing determination. An interlocutory appeal in a criminal case is not the proper context to announce a new sealing procedure.

¶38 Our constitutional presumption of openness serves "to foster the public's understanding and trust in our judicial system and to give judges the check of public scrutiny." *Dreiling*, 151 Wn.2d at 903. The withdrawal procedure advocated by Joseph McEnroe and adopted by

the majority opinion is a brand of secrecy that "fosters mistrust." *Id.* As the trial court correctly noted, such a procedure "appears anathema to an open and accountable system of justice." Clerk's Papers at 23. I therefore respectfully dissent from the majority's analysis on this issue.[8] Accordingly, I would affirm in part and reverse in part the trial court's order on defendant's motion to waive King County Local General Rule 15.

ALEXANDER, J. PRO TEM., concurs with FAIRHURST, J.

Reconsideration denied August 21, 2012.

---

[8] I concur with the majority's conclusion that (1) King County Local General Rule 15 does not apply to criminal proceedings and (2) GR 15 does not require open filing of documents submitted contemporaneously with a motion to seal while the trial court considers the motion.