IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN DOE AA, and JOHN DOE CC, as individuals and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KING COUNTY, a municipal organization, and its departments KING COUNTY PROSECUTING ATTORNEY'S OFFICE,<br><br>                    Defendants,<br><br>          v.<br><br>DONNA ZINK and JEFFREY ZINK, a married couple,<br><br>                    Requestors. | No. 80321-2-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

LEACH, J. — Donna Zink appeals trial court orders authorizing John Doe AA and John Doe CC to proceed in this lawsuit using pseudonyms and later dismissing their lawsuit at their request with prejudice without requiring them to disclose their true identities. Because the trial court considered the Ishikawa[1] factors and made unchallenged findings that adequately support its decisions, we affirm.

---

[1] Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 640 P.2d 716 (1982).

Citations and pin cites are based on the Westlaw online version of the cited material

FACTS

Donna Zink, using the Public Records Act (PRA), requested King County Special Sex Offender Sentencing Alternative (SSOSA) evaluations for John Doe AA and John Doe CC (John Does). When Zink made this request, the King County Superior Court had entered injunctions prohibiting the release of SSOSA evaluations for Level I, II, and III sex offenders. Because the John Does were not required to register as sex offenders, these injunctions did not protect their records.

The John Does filed this class action lawsuit asking the court to enjoin the release of their SSOSA evaluations. They also asked to proceed in pseudonym. Their request to proceed in pseudonym stated, "(P)laintiffs will disclose their identity to the Court and to Defendant, subject to a protective order and as necessary for Defendant to defend this matter." Zink opposed the requests for a preliminary injunction and for authorization to proceed in pseudonym.

On March 10, 2016, the trial court granted a preliminary injunction enjoining the release of the SSOSA evaluations and granted the Does' request to proceed using pseudonyms. It did not order the John Does to disclose their identities to Zink.

Zink answered John Does' lawsuit and filed a cross-claim against King County asking the court to compel the county to produce the records she had requested. Zink did not assert any claim against the John Does.[2] On March 17, 2016, the trial court stayed the proceedings in this case and certified it for appellate review under RAP 2.4 its

---

[2] The request for relief in Zink's answer did ask the court to require the John Does to disclose their names.

decisions about the use of pseudonyms, a preliminary injunction, and class certification. Zink did not request appellate review of these decisions at this point in the litigation because a number of cases with the same issues were proceeding through the appellate courts.

In Doe G v. Department of Corrections,[3] decided February 22, 2018, the Washington State Supreme Court held that SSOSA evaluations are not exempt from disclosure under the PRA.[4]  It also held that a trial court must apply GR 15 and Ishikawa factors when deciding a party's request to proceed in a lawsuit without disclosing that party's true name.[5]

In March 2019 the trial court lifted its stay and directed the parties to explain why no action had occurred in the case.  In response, the John Does asked the court to dismiss their lawsuit pursuant to CR 41.  They did not ask the court to alter or seal any document in the court file. Zink opposed this request but did not file any motion asking the court to require the disclosure of the John Does' true names.

On March 20, 2019, the court granted the John Does' request, struck the preliminary injunction, authorized King County to provide Zink the requested records, and dismissed their lawsuit with prejudice.  It did not dismiss Zink's cross-claim against King County.  The trial court also denied Zink's request for reconsideration.  The court later dismissed Zink's cross-claim without prejudice by agreement of the parties.  Zink appeals.

---

[3] 190 Wn.2d 185, 410 P.3d 1156 (2018).
[4] Doe G, 190 Wn.2d at 193.
[5] Doe G, 190 Wn.2d at 201-02.

ANALYSIS

Zink claims the trial court should not have dismissed John Does' lawsuit before it applied GR 15 and the Ishikawa factors to decide their request to proceed in pseudonym. She contends that dismissing the case without first deciding this issue allowed the John Does to unlawfully hide their identities and "to redact their names from the case caption and SCOMIX index." She also claims the dismissal resulted in an unlawful destruction or sealing of a court file and denied her constitutional right to an open trial without due process.

The John Does claim the case is moot because "all legal questions raised . . . here were answered by the Supreme Court in Doe G," and the trial court dismissed the case with prejudice pursuant to CR 41. They also contend they had an absolute right to this dismissal and deny that any destruction or sealing of a court file occurred. Finally, they contended that a party denying its request to proceed with a lawsuit anonymously must have a chance to choose between pursuing its legal claims and disclosing its identity. We first address the mootness claim.

Mootness

"A case is moot when 'the court can no longer provide effective relief.'"[6] The John Does claim that Zink's appeal is moot because "all legal questions raised…here were answered by the Supreme Court in Doe G," and the trial court dismissed their lawsuit with prejudice under CR 41.

---

[6] Matter of Detention of M.W. v. Dept. of Social and Health Services, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016) (quoting State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)).

4

While <u>Doe G</u> may have resolved all the legal issues the John Does wanted to litigate, and made their claims moot, it does not make Zink's appeal moot. She raises an issue that was not resolved in <u>Doe G</u> and has not been decided in any reported decision of a Washington State appellate court: can a party who filed a lawsuit anonymously later have that lawsuit dismissed at its request without the court first requiring the party to disclose their identity. If we resolve this issue in Zink's favor, we could provide relief by reversing the order of dismissal and directing the trial court to require the John Does to file an amended complaint disclosing their identities and to then conduct an analysis under CR 15 and <u>Ishikawa</u> to determine if that document should be sealed or redacted. This relief would also resolve Zink's claims about case indexes. So, her appeal is not moot.

<u>Pseudonyms</u>

Zink challenges the trial court's original decision to allow the John Does to use pseudonyms in this litigation making this assignment of error.

> The trial court erred and abused its discretion in entering the order of March 10, 2016 allowing Respondents to file this suit under a false name and directing the King County Superior Court Clerk to delete the Respondents' full names from all electronic court databases, and replace them with a John Doe designations without application of GR 15 or holding an Ishikawa hearing.

The record affirmatively shows the trial court considered the <u>Ishikawa</u> factors before authorizing the John Does to proceed using pseudonyms. The order granting this relief did not direct the King County Superior Court Clerk to take any action let alone direct her to delete any names from any database. And, Zink has not identified any other order directing the clerk to take this action.

The simplest way to show Zink is wrong is to quote the trial court's order.

This Motion having come before the undersigned court on Plaintiffs' Motion for Permission to Proceed in Pseudonym, and the Court having reviewed the pleadings and deeming itself fully advised in the premises, hereby FINDS:

1) Typically, civil plaintiffs must file suit in their names. Nevertheless, Plaintiffs may be allowed to proceed under a pseudonym if they meet the factors articulated in *Seattle Times Co. v. Ishikawa,* 640 P.2d 716 (Wash. 1982).

2) Plaintiffs seek to exercise their right, under the Public Records Act ("PRA"), to enjoin release of medical information pertaining to them which they contend is exempt from the PRA. Forcing Plaintiffs to disclose their identities to bring this action would eviscerate their ability to seek relief and thus threatens their compelling interest in maintaining the privacy of their SSOSA evaluations.

3) Ms. Zink has been given an opportunity to object.

4) There is no less restrictive way to proceed that would protect Plaintiffs' interest in the privacy of their records and the fact that they have received evaluations than permitting them to proceed in pseudonym.

5) Plaintiffs have demonstrated a significant risk of physical, mental, economic, and emotional harm if their identities are disclosed. Plaintiffs also allege that the records at issue contain sensitive mental health information, and that their privacy would be violated by disclosure of this information to the general public.

6) The public's right to access the proceedings will not be compromised apart for from its ability to ascertain the names of individual Plaintiffs. The names of individual Plaintiffs have little bearing on the public's interest in the dispute or its resolution.

7) Defendant will not be prejudiced if Plaintiffs proceed in pseudonym.

8) Plaintiffs' interest in proceeding anonymously outweighs the public interest in knowing their names.

The Court therefore GRANTS Plaintiffs' Motion for Permission to Proceed in Pseudonym and ORDERS that Plaintiffs be allowed to proceed in pseudonym throughout the pendency of this action.

This order expressly recites that the court is applying the Ishikawa factors and then

contains detailed findings doing just that. So, Zink's claim that the court did not apply the

6

<u>Ishikawa</u> factors fails.

Zink does not challenge any of the trial court's specific findings supporting its decision to allow the John Does to remain anonymous. So, we accept them as true for purposes of this appeal.[7] Zink also makes no claim that these findings are insufficient to support the trial court's decision. And, they are sufficient. The trial court did not abuse its discretion by allowing the John Does to use pseudonyms.

<u>Dismissal without Disclosure of Names</u>

Zink also challenges the trial court's dismissal of this lawsuit without requiring the John Does to disclose their names.

> The trial court erred in entering the order of April 19, 2019 when it refused to require Respondents to identify themselves in the caption of the summons, complaint or the court and SCOMIS indexes without application of GR 15 or holding an Ishikawa hearing.

Zink does not contest the dismissal of the John Does' lawsuit with prejudice. She only claims, "the issue of redaction of the parties['] names must be remanded for proper application of GR 15 and the Ishikawa factors and/or to identify Respondents pursuant to the Washington [S]tate [C]onstitution." Zink overlooks the fact that the trial court conducted an <u>Ishikawa</u> factors analysis when it authorized the John Does to use pseudonyms. She cites no authority for the proposition that the trial court must repeat this analysis each time it enters an order granting relief independent of the anonymity issue. No persuasive reason for repetition occurs to this court. So, Zink's claim fails.

---

[7] <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 819, 828 P.2d 549 (1992).

Also, we are not persuaded that the open administration of justice requires an Ishikawa analysis before entry of the dismissal order under the facts of this case.

Article 1, section 10 of the Washington State Constitution requires courts conduct judicial proceedings openly and without delay.[8]  This means court proceedings and court documents are presumptively open to the public, and any exception is appropriate "only in the most unusual of circumstances."[9]  Although openness is presumed, it is not absolute.[10]  "The public's right of access may be limited to protect other significant and fundamental rights, such as a defendant's right to a fair trial."[11]

GR 15 preserves a long established principle that the complete names of parties are to be listed in the docket for the actions to which they are parties.[12]  GR 15(c)(2) allows a court to seal a court record if there are "compelling privacy and safety concerns that outweigh the public interest in access to the court record."  GR 15(e)(3) directs the court to unseal a record upon motion and proof "that identified compelling circumstances for continued sealing no longer exist."

The court must analyze a motion to redact or seal using both GR 15 and Ishikawa factors.[13]  "[A]ny records that were filed with the court in anticipation of a court decision (dispositive or not) should be sealed or continue to be sealed only when the court determines—pursuant to Ishikawa—that there is a compelling interest which overrides

---

[8] CONST. art. I, § 10.
[9] Hundtofte v. Encarnación, 181 Wn.2d 1, 7, 330 P.3d 168 (2014).
[10] State v. McEnroe, 174 Wn.2d 795, 801, 279 P.3d 861 (2012) (citing to Dreiling v. Jain, 151 Wn.2d 900, 909, 93 P.3d 861 (2004)).
[11] McEnroe, 174 Wn.2d at 801.
[12] Hundtofte, 181 Wn.2d at 16.
[13] Hundtofte, 181 Wn.2d at 7.

the public's right to the open administration of justice."[14]

If Article I, section 10 applies, then a court must conduct an Ishikawa analysis before restricting public access to court records or proceedings.[15] Courts use the experience and logic test to determine if Article I, section 10 applies.[16]

The experience prong examines "'whether the place and process have historically been open to the press and general public.'"[17] The logic prong examines "'whether public access plays a significant positive role in the functioning of the particular process in question.'"[18]

No Washington case addresses whether a party filing a lawsuit anonymously should be made subject to an Ishikawa analysis before a court dismisses that lawsuit with prejudice at that party's request pursuant to CR 41. But, because Doe G applied the experience and logic test in deciding whether a trial court must apply the Ishikawa factors before deciding whether a party may proceed anonymously, we apply the experience and logic test here.

First, under the experience prong, while "the names of people convicted of criminal offenses…have historically been open to the public," we are not aware of any case where a court forced an anonymous party to reveal their full name after the court denies their motion to proceed anonymously and dismisses the case.

Under the logic prong, the public access to an anonymous party's identity does not play a significant positive role when a court dismisses the case with prejudice before

---

[14] Rufer v. Abbott Laboratories, 154 Wn.2d 530, 549, 114 P.3d 1182 (2005).
[15] Doe G, 190 Wn.2d at 199.
[16] Doe G, 190 Wn.2d at 199.
[17] Doe G, 190 Wn.2d at 199.
[18] Doe G, 190 Wn.2d at 199.

9

deciding the merits of the case.

Requiring a party to reveal their full name post-dismissal would obviate the relief they seek. State v. McEnroe[19] is helpful. There, the court held that "[d]ocuments offered contemporaneously with a motion to seal are merely working papers maintained by the judge,"[20] and "a party may withdraw documents submitted to the court in connection with a motion to seal if the court denies the motion."[21] It reasoned that "[t]reating documents filed prior to an order sealing such records would not serve the purpose of protecting documents from examination. Any court order purporting to seal sensitive documents would be too late."[22] Unlike this case, the documents in McEnroe were not yet part of the court's record, but the situation is similar. A party who dismisses their action because they could not litigate anonymously should not be forced to reveal what they sought to conceal.

A contrary result would make most efforts to proceed anonymously pointless and chill historically protected parties, like abuse victims, from pursuing litigation for fear that if a court denies their request to proceed pseudonymously, their identities will be revealed. And, the public's interest in discovering an anonymous party's real name in a case dismissed with prejudice before any final court decision on the merits is small.

Viewed together, the experience and logic test suggest that Article I, section 10 is not implicated here. The trial court did not need to conduct an Ishikawa analysis before dismissing the John Does' complaint with prejudice at their request pursuant to CR 41.

---

[19] 174 Wn.2d at 795.
[20] McEnroe, 174 Wn.2d at 805.
[21] McEnroe, 174 Wn.2d at 808.
[22] McEnroe, 174 Wn.2d at 804.

Destruction of Records.

Zink next claims a "trial court's decision to allow Respondents to remain anonymous amounts to a 'destruction' of court records without just cause." Because she fails to support this claim with authority or persuasive argument, we decline to address it.[23]

Due Process

Finally, Zink claims that "she has a constitutional right to know the party summoning her into costly litigation" and that "the trial court's order allowing secrecy without application of GR 15 and an Ishikawa hearing violates" her due process right.

The cases Zink cites, Rabon v. City of Seattle[24] and Morrissey v. Brewer[25] are both unhelpful here. In Rabon, the issue was whether a dog owner's due process rights were violated after his dogs were impounded because the owner was convicted of owning vicious dogs.[26] Unlike Rabon, Zink's due process claim does not involve the deprivation of a property right. And, Morrissey concerned whether petitioners were deprived of due process when their paroles were revoked without a hearing.[27] Zink's claim is completely unrelated to a property interest such as Rabon, or a liberty interest such as in Morrissey.

We also note that in the years before the John Does filed their motion to dismiss, Zink never filed a motion asking the court to require the disclosure of their names. When the John Does filed this lawsuit they stated, "(P)laintiffs will disclose their identity to the Court and to Defendant, subject to a protective order and as necessary for Defendant to

---

[23] RAP 10.3(a)(6); Bosley, 118 Wn.2d at 809.
[24] 107 Wn. App. 734, 34 P.3d 821 (2001).
[25] 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).
[26] 107 Wn. App. at 736.
[27] 408 U.S. at 471.

defend this matter." The record before this court does not show Zink ever took advantage of this offer. In Zink's response to the court's order directing the parties to explain why no action had occurred in the case for a year after the Doe G decision she stated, "Zink intends to seek an order from this Court requiring John Doe AA, John Doe BB, and John Doe CC to provide their true names in the summons, complaint, other court documents as well as in the court index." But, she did not do this before the court dismissed the lawsuit. Zink is hard pressed to claim that she was prevented from learning the identity of the persons who sued her.

Because she fails to cite to controlling or persuasive authority that supports her claim, that failing to conduct a GR 15 or Ishikawa hearing violates her due process, we reject it.[28]

Taxpayer Money

Lastly, Zink notes the King County Department of Public Defense (KCDPD) represented the John Does in the trial court but generally does not provide free legal aid in civil cases like this one. She contends, "[o]versight and accountability cannot occur unless the identity of Respondents is known as it is known in all other cases as defended by the KCDPD through free legal aid."

Zink cites no authority supporting her assertion. She only states policy reasons such as "knowing the identity of Respondents" is of great public concern," and "it would be egregious if the KCDPD was wrongfully using taxpayer money," and "it would be even more egregious if KCDPD was using its position to withhold public records on behalf of

---

[28] State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990).

12

KC rather than on behalf of any true parties of interest (CR 17(a))." Because she fails to cite authority supporting her position, we also do not consider this claim.

CONCLUSION

We affirm. The trial court correctly applied the Ishikawa factors before authorizing the John Does to proceed anonymously. And, anonymous parties who have their case dismissed at their request before a decision on the merits usually should not be forced to reveal their true names as that would obviate the relief they sought. Zink has not shown she was denied due process. We decline to consider her other claims because she did not cite any authority supporting them.

Leach, J.

WE CONCUR:

Appelwick, J.

13